# Pope, Adm'r *v.* Irby, Adm'r.

## *Revivor of Action.*

1. *Action, revivor of; when not allowed.*—The personal representative of a deceased plaintiff can not revive a pending suit, when more than eighteen months are allowed to elapse between the death of the plaintiff and the application to revive.

2. *Same.*—The making of the motion to revive within the prescribed period, and the action of the court thereon, must appear of record; it can not rest in parol. A mere oral suggestion of the plaintiff's death, not acted on or entered of record, will not prevent the abatement of the suit.

APPEAL from Circuit Court of Wilcox.

Tried before Hon. JOHN K. HENRY.

A. L. Pope, senior, appellant's intestate, brought suit in the year 1871, against appellee, on a promissory note made by appellee's intestate.

At the spring term, 1875, plaintiff's attorney asked to make certain amendments, which the court allowed against the objection of defendant, who resisted the amendment solely on the ground that it was a departure from the original cause of action. Plaintiff's attorney, who was also attorney for appellant, suggested that the plaintiff was dead, and, as attorney for the administrator, moved that the cause be revived in his name. This was resisted, on the ground that more than eighteen months had elapsed since plaintiff's death, without any steps being taken to revive the suit. There was nothing of record showing any suggestion of

plaintiff's death, or any motion to revive the suit.  The only entry on the minutes or docket of the court in relation to · the case, was, that at the spring term, 1873, plaintiff had leave to amend the complaint by adding the common counts. It was shown that the plaintiff died in November, 1872, and appellant was appointed administrator about a month thereafter.

Cumming, plaintiff's attorney, testified when the case was first called at the spring term, 1873, " he suggested to court orally that plaintiff was dead," and not knowing the name of the administrator, moved to continue the cause; but " he did not ask that any entry of record be made of the suggestion."  Defendant's attorney was present when this occurred, and made no objection to the continuance.  On motion of · defendant, the court excluded the testimony of this witness, and appellant excepted.

The motion to revive the suit was refused, and thereupon, on motion of the defendant, the court ordered that the suit abate, for want of a proper party plaintiff.  An exception was reserved to each of these rulings, and they are now assigned as error.

S. J. CUMMING, for appellant.—The allowance of the · amendment was a recognition that the cause was properly in. court; and defendant's counsel in objecting to the amendment on the specific ground stated, waived all other objections.  It is too late afterwards to raise the objection that· the suit had abated.—*Landers v. Insurance Co.* 43 Ala.; 24 Ala. 71.  The oral evidence was improperly excluded.  It was not offered to contradict the record, but to supply an omission.  The defendant was in court, when the suggestion of plaintiff's death was made.  It is not required to be in. writing, and the omission to enter it of record was an oversight of the judge, which should not prejudice the appellant.. 48 Ala. 531; R. C. § 2542; 9 Porter, 10.

COCHRAN & DAWSON, *contra.*—The action was properly abated.— *Waller v. Nelson*, 48 Ala. 531.  The suggestion of the death of a party must be on the *record*.  An *oral* suggestion, not followed up by some record notice of it, will not prevent the abatement of the cause.—42 Ala. 303; 44 Ala. 327.  Defendant was not called on to take any notice of the casual remark of plaintiff's counsel, made at the spring term, 1873, that plaintiff was dead.  Until that was suggested of record, defendant was not bound to notice

it. As soon as the suggestion was entered of record, de-- fendant acted. There was no waiver. The statute is impera-- tive, and mere silence when a casual remark of plaintiff's counsel was made, will not authorize courts to disregard the plain requirements of the statute.

BRICKELL, C. J.—The only question presented by the record, is the right of a personal representative of a deceased plaintiff to revive a pending suit, the cause of action surviving, more than eighteen months having elapsed from the death of the plaintiff, before the application to revive is made. The statute (R. C. § 2542) authorizing the revivor of pending suits, and preventing their abatement, because of the death, or other intervening disability of plaintiff or· defendant, limits the right of revivor to eighteen months from the occurrence of the event which renders it necessary to revive. The policy of the statute is to speed the trial of causes, not permitting them to remain, at the discretion of the court or the election of parties, in a state of suspension.. Death is the most frequent cause of suspension, and the policy pervading all our statutes in reference to the estates. of decedents, is, to terminate their administration on the expiration of eighteen months from the grant of letters· testamentary, or of administration, which is usually made within a short period of time after death. No judgment can be rendered against a personal representative, without his consent, on a debt or claim against the decedent, until the lapse of eighteen months from his appointment, and that is the period within which all claims must be presented to· him. It is also on the expiration of this period that legatees or distributees have the right to proceed against him for the· payment of legacies, or an accounting for distributive shares. The statute pursuing this policy intends that the revivor of· suits by or against him must not be procrastinated, so that he will be embarrassed by them in closing the administration. It is in the nature of a statute of limitations barring· the right, if it is not exercised in the mode and within the prescribed time. The making of the motion within that time must appear of record; it can not rest in parol. If there is, as in the present case, no entry made by or under the authority of the court, that within eighteen months the death of the party was suggested, and an application to revive, on which the court acts, either by granting or refusing it, or by a continuance, there can be no revivor on.

[Coyle v. Wilkins et al.]

·parol evidence that the suggestion and application was made. There was no error, either in excluding the evidence, or refusing the revivor, and abating the suit.

The judgment is affirmed.