# Evans *v.* Welch.

### Statutory Action in Nature of Ejectment.

1. *Abatement and revivor of action.*—By statutory provision (Code, § 2908), no civil action abates by the death or other disability of a party, plaintiff or defendant, when the cause of action survives; but the action may be revived, on motion, within eighteen months after the occurrence of the disability.

2. *Same, in ejectment, or statutory action.*—In ejectment, or the corresponding statutory action, if the sole plaintiff dies, or if one of several plaintiffs dies, the revivor may be in the name of his personal representative alone, or in the names of his heirs or devisees, or in the names of both the personal representative and the heirs or devisees, to be determined by the extent of the recovery sought—whether the land only, or also damages accruing prior and subsequent to the death of the original plaintiff.

3. *Limitation of revivor; amendment of complaint.*—In whatever form the revivor is sought, it must be made, or a motion to revive must be entered, within eighteen months after the death of the party; and if not made within that time, the action abates as to the interest of the deceased; and the defect can not be afterwards cured by an amendment of the complaint, bringing in the parties on whom that interest has devolved.

4. *When simple-contract creditor may come into equity.*—A court of equity, in the exercise of its original jurisdiction, would not interfere at the instance of a creditor by simple contract only, to set aside a deed fraudulent as to creditors, or to subject property fraudulently conveyed by the debtor; but this rule is now changed by the statute (Code, § 3886), which provides that "a creditor without a lien may file a bill in chancery to subject to the payment of his debt any property which has been fraudulently transferred, or attempted to be fraudulently conveyed by his debtor."

5. *Lien under creditor's bill.*—On the filing of such a bill by a simple-contract creditor, he acquires a lien on the property which he seeks to reach and condemn, at least from the service of process; and if the suit is prosecuted to a final decree without laches, this lien will prevail against a purchaser from either the debtor or his grantee pending the suit.

APPEAL from the Circuit Court of Talladega.
Tried before the Hon. GEO. H. CRAIG.

[Evans v. Welch.]

This action was brought by Geo. Riser, William A. Welch, A. D. Bell, M. L. Wilson, and Martha Pope, against William J. Evans and several other persons, who were his tenants, to recover a certain tract of land in said county, with damages for its detention; and was commenced on the 3d February, 1874. The lands had belonged to George C. Player, and both parties claimed under him, by conveyances as follows: the plaintiffs, under a purchase by them at a sale made by the register in chancery, pursuant to a decree rendered by the Chancery Court of Talladega at its August term, 1871, in a suit to which said George C. Player was a party defendant, hereinafter more particularly described; and the defendant Evans, under a purchase at sheriff's sale under execution against said Player, made on the first Monday in October, 1870. This execution was issued on the 9th August, 1870, on a judgment for $4.408.97, which was rendered by the Circuit Court of Talladega, against said Player, in favor of Agnes T. Thrift, on the 6th May, 1869, in an action commenced on the 5th March, 1868; former executions on said judgments having been issued on the 18th May, and the 7th December, 1869. The decree in the chancery cause, under which the lands were sold by the register, was rendered in a cause in which said Riser, Welch, and Bell, as creditors of said Player, were the complainants, and said Player and Thomas H. Reynolds were defendants. The bill in that case was filed on the 1st March, 1869; and process was served on said Reynolds on the 30th March, and on Player on the 5th April, 1869. The complainants were creditors of said Player by simple contract only, each holding his promissory notes past due; and they filed their bill in behalf of themselves and such other creditors as might come in, seeking to set aside, as fraudulent and void against creditors, a mortgage of the lands here in controversy, executed by said Player to said Reynolds on the 7th April, 1866; and to enjoin Reynolds from selling the lands under the mortgage, and to have them sold and appropriated to the payment of the debts due to complainants and others. Wilson and Pope, two of the plaintiffs in this suit, were made parties complainant to the bill, on motion, on the 10th August, 1869. On the 10th August, 1870, the chancellor rendered a decree in the cause, setting aside the mortgage to Reynolds, on the ground that it was made with intent to hinder, delay, and defraud the creditors of the mortgagor; and it was "decreed, that complainants be, and they are hereby, declared invested with a lien on all the property mentioned in said mortgage, for the payment, *pro rata*, of their several claims;" and a reference to the register, as master, was ordered, to ascertain

[Evans v. Welch.]

and report the amounts of the debts due to the complainants respectively. At the August term, 1871, the register's report was confirmed, without objection, and he was ordered to sell the lands on the first Monday in December, 1871; and the sale was accordingly made, the complainants becoming the purchasers, and was duly confirmed by the chancellor, at the February term, 1873. This was the title shown by the plaintiffs. (This chancery cause was brought to this court by appeal from an interlocutory decree overruling a motion to dismiss the bill for want of equity; and this court, affirming the chancellor's decree, held the mortgage fraudulent and void as against creditors.—See *Reynolds v. Welch*, 47 Ala. 200.)

On the trial, as the bill of exceptions shows, and after the commencement of the trial, the death of George Riser, one of the plaintiffs, being suggested, and admitted by defendants, "the plaintiffs' counsel then moved the court for leave to amend the complaint, by adding as new parties plaintiff the heirs-at-law of said George Riser; to which motion defendants objected, on the ground that more than eighteen months had elapsed since the death of said Riser;" and this fact seems to have been admitted. The court overruled the defendants' objection, and allowed the amendment as asked; and the defendants excepted. Several other exceptions were reserved by the defendants, to rulings of the court on questions of evidence, but they require no special notice.

In reference to the respective titles shown by the parties, the court charged the jury as follows: "(1.) If the evidence satisfies the jury that the plaintiffs, Riser and others, filed their bill in the Chancery Court of this county, on the 1st March, 1869, as creditors of Player, to set aside a mortgage on the lands here sued for, given by Player to Reynolds, and for the purpose of subjecting said lands to the satisfaction of their claims; then Mrs. Thrift was charged with notice of the pendency of such chancery suit, on the filing of the bill; and the filing of such a bill would have the effect to invest the Chancery Court with the sole jurisdiction and control of said property, so sought to be subjected, from the filing of the bill. (2.) And if a decree of said Chancery Court was afterwards rendered, setting aside said mortgage to Reynolds, and ordering a sale of said lands for the satisfaction of said creditors; and the lands were sold under said decree, and plaintiffs became the purchasers at the sale, and received from the register of the court a deed to said lands; then they have established such a title as would entitle them to recover in this action; (3.) the effect of the register's deed being to convey the title of said Player to plaintiffs; (4.) and

[Evans v. Welch.]

the effect of the filing of said bill being to create a lien upon said lands, which would, if perfected by a decree and sale, render a purchase by a creditor, who obtained judgment after said bill was filed, and bought at a sheriff's sale under execution on such judgment, inoperative, although the suit brought by Mrs. Thrift may have been prior to the filing of said bill. (5.) If the creditors had filed no such bill; or, if, after filing, they had failed to obtain a decree, setting aside said mortgage, and subjecting said lands to the payment of their debts; then Evans would have a good title, for the deed of the sheriff, under that state of facts, would invest him with the legal title to the property. (6.) But a judgment obtained, and a sale of the lands by the sheriff, between the filing of the bill and the rendition of the decree subjecting the lands as before stated, would not avail Evans, or vest him with such a title as would defeat the purchaser at the register's sale of the property; (7.) and if there was such a decree and sale under said bill so filed, and plaintiffs bought at the same, and have the register's deed to the land, made at such sale, and by virtue thereof; then the plaintiffs are entitled to recover." To each portion of this charge, as indicated by the figures, the defendants reserved a separate exception; and they then requested the court, in writing, to charge the jury, "that if they believed all the evidence in the case the plaintiffs have offered, they cannot find a verdict for the plaintiffs." The court refused this charge, and the defendants excepted to its refusal.

The refusal of the charge asked, the several portions of the charge given, the allowance of the amendment to the complaint, and the several rulings on questions of evidence to which exceptions were reserved, are now assigned as error.

JOHN T. HEFLIN, with GEO. W. PARSONS, for appellants.

TAUL BRADFORD, *contra*. (No briefs on file.)

BRICKELL, C. J.—No civil action, if the cause of action survives, abates by the death, or other disability of the plaintiff, or of the defendant; but, on motion, the same must, within eighteen months after the occurrence of the disability, be revived against the legal representative of the deceased, his successor, or the party in interest. If the action is by or against several jointly, the death of one may be suggested, and, if the cause of action permits, the suit may be prosecuted by or against the survivors.—Code of 1876, § 2908. The action of ejectment, or the corresponding statutory real action, may be revived, on the death of either plain-

tiff or defendant. If there is a sole plaintiff, or if there are several plaintiffs, the revivor may be in the name of the personal representative, and of the heirs or devisees jointly, or in the name of either; depending, in some degree, on the extent to which it is proposed subsequently to prosecute the action. If it is proposed to proceed for the recovery of the possession, and for damages accruing prior and subsequent to the death of the plaintiff, the revivor must be in the name of the personal representative alone, or in his name jointly with the heirs and devisees. The personal representative has the exclusive right of recovering such damages as accrued in the lifetime of the deceased plaintiff; and of them there can be no recovery, unless he is a party. He has, also, the right to intercept the entry and possession of the heir, or devisee, and to apply the rents, or, under the orders of the Court of Probate, make sale of the lands, for the payment of debts, or for distribution; and this confers upon him the right to revive the action in his own name, and to prosecute it to a final judgment, recovering the possession, and, as an incident, the rents accruing prior and subsequent to the death of his testator, or intestate. This right he is not bound to exercise—he may not intervene at all, or he may intervene only to recover the rents accruing prior to the death of his testator or intestate. In either event, the heirs or devisees may be made parties plaintiff.—*Ex parte Swan*, 23 Ala. 192; *State v. Nabors*, 7 Ala. 459; *Rowland v. Ladiga*, 21 Ala. 9.

In whatever right, and by the introduction of whatever parties, it is proposed to cure the abatement, the revivor, or the making a motion to revive, must be made within eighteen months after the occurrence of the disability. The statute is mandatory, and the right is barred, if it is not asserted within that period.—*Pope v. Irby*, 57 Ala. 105; *Brown v. Tutwiler*, 61 Ala. 372. More than eighteen months having elapsed after the death of the plaintiff, George Riser, and no suggestion of his death having been made, no motion entered for a revivor in the name of his personal representatives, or of his heirs or devisees, there was, as to him, and his rights and interests, an abatement which could not be cured. An amendment of the complaint, striking out his name and inserting the names of his heirs as plaintiffs, would not cure it. The office of an amendment of pleading is to cure defects or omissions, existing at the institution of the suit. That is the period of time to which it refers generally, and from which it takes effect. It produces a change in the pleading, plight and condition of the suit, while a revivor simply restores the cause to the condition in which it was

when the abatement occurred. The principle and reason is thus stated in 1 Bacon's Abr. 11: "Here, the general rule to be observed is, that whenever the death of any party happens pending the writ, and yet the plea is in the same condition as if such party were living, there such death makes no alteration; for, when the death of the parties makes no change of proceedings, it would be unreasonable that the surviving parties should make any alteration in the writ; for, if such writ and process were changed, it would set rights but in the same condition they were in at the death of the parties; and it would be absurd that what made no alteration should change the writ and the process; and on this rule all the diversities turn." Nor is it the office of an amendment of a complaint, in an action at law, to introduce parties who have acquired interests and rights by mere succession to the rights and interests of the original parties. This is the office of a revivor; and the bar of the statute, as to a revivor, cannot be avoided by resort to an amendment. The Circuit Court erred in permitting the introduction of the heirs of George Riser, as parties plaintiff, by an amendment of the complaint.

A conveyance, fraudulent because of an intent to hinder, delay, or defraud creditors, is valid between the parties, and operative against all the world, except creditors who are pursuing legal remedies to compel the appropriation of the property conveyed by it to the satisfaction of their debts. Those only are sustaining immediate injury from it, and are in a condition to complain of it. As against a simple-contract creditor, it is valid; and, in the exercise of its original jurisdiction, a court of equity would not, at his instance, interfere for its vacation. The mere fact that he was a creditor, conferred upon him no particular, specific right or interest in or to the property of the debtor—no lien, or charge upon it, diminishing or embarrassing the right of alienation. Nor could it be known, until his demand was reduced to judgment, that he stood in the relation of a creditor, or that the remedies of the law were not adequate. The intervention of any court, at the instance of a stranger, to avoid contracts binding between the parties, or which they elect to treat as binding, would be unwarranted.

There were, however, two classes of cases in which a court of equity would intervene, for the relief of judgment creditors. The distinction between the two was well defined; the ground of jurisdiction, the character of relief granted, was in each essentially different. The right to the one relief might be lost, while the other would remain unimpaired. The *first* was, where the creditor sought to reach equitable

assets, or assets which could not be reached by any process issuing on the judgment. In this class of cases, the court would not intervene, unless it was shown that legal remedies had been exhausted—a prosecution of execution to a return of *no property found.* Until then, the inadequacy of legal remedies would not be apparent, and there could be no ground for invoking equitable relief.—1 Brick. Dig. § 219, 655. The creditor obtained a lien by the filing of the bill, and was entitled to priority of satisfaction from the assets sought to be condemned.—*Ib.* §§ 221-222. The other class of cases is when the judgment of the creditor, or the execution issuing upon it, entitles him to a lien upon the property, real or personal, of the debtor, but a conveyance declared fraudulent and void as to him by the statute of frauds, interposes an obstacle to the full enforcement of the lien at law. The conveyance is void, and the creditor could sell under his execution at law ; but the conveyance would embarrass the sale, and cast a cloud on the title acquired by it. The court intervenes, to render the lien more available, by pronouncing the invalidity of the conveyance, and removing it as a cloud from the title. The filing of the bill gave the creditor a lien on the particular property, superior to any a subsequent judgment creditor could acquire; and superior to any title a purchaser, though *bona fide,* could obtain from the debtor.—*Dargan v. Waring,* 11 Ala. 988 ; 1 Brick. Dig. §§ 215-16-17, 655.

The statutes have enlarged the jurisdiction of the court, and equitable assets may now be reached by a simple-contract creditor, whenever the creditor is entitled to an attachment at law (Code of 1876, §§ 3846-3856); and "a creditor without a lien may file a bill in chancery to subject to the payment of his debt any property which has been fraudulently transferred, or attempted to be fraudulently conveyed, by his debtor."—Code of 1876, § 3886. The purpose of this statute, its meaning and operation, cannot be misapprehended, and there is but little room for construction of it. As to property the debtor has *fraudulently conveyed,* or *attempted to convey fraudulently,* the simple-contract creditor is clothed with the same right to resort to a court of equity, entitled to the same remedy and relief, to which he or any other creditor having a lien was entitled before the statute. In other words, the necessity for a specific right, or a lien, to charge the property *fraudulently conveyed,* or attempted to be *fraudulently conveyed,* is dispensed with, as a condition on which the jurisdiction of the court depends. Though prior to, and at the time of the filing the bill, the creditor has no lien; yet, when the bill is filed, and process served, a lien is

[Stow v. Lillie.]

acquired on the property conveyed, which will prevail over any subsequent alienation by the debtor or his grantee, and over the claims of subsequent judgment creditors, or of an assignee in bankruptcy.—*Dargan v. Waring, supra ; Sedgwick v. Menck,* 6 Blatchf. 156 ; *Carr v. Thorington,* 63 N. C. 560 ; *Fetter v. Cirode,* 4 B. Mon. 482 ; *Wooten v. Clark,* 23 Miss. 75 ; *Storm v. Waddell,* 2 Sandf. Ch. 494.

In this case, each party deduces title from Player, and claims to be vested with the legal estate in the premises, derived from him through judicial sales. The defendants claim under a sheriff's sale, made in execution of a judgment rendered on the first day of May, 1869, near or quite a month after Welch and others had obtained a lien on the premises, by the filing of the bill to set aside as fraudulent the mortgage to Reynolds. There was no laches in the prosecution of that suit to a final decree, perfecting the lien, and condemning the premises to sale. The plaintiffs are purchasers under that decree, and have obtained a conveyance from the register, the sale to them having been confirmed by the Court of Chancery. That they have the superior title, is a proposition too plain for argument. The maxim applies, *qui prior est in tempore, potior est in jure.* A pending suit in equity, not collusive, duly prosecuted, operates as a notice to all the world ; and a purchaser during its pendency, of the real estate involved, when the purpose of the suit is to charge the estate, is affected and bound by the decree, as if he were an actual party to it.—*Harris v. Carter,* 3 Stew. 233 ; *Chaudron v. Magee,* 8 Ala. 570 ; *Fash v. Ravisies,* 32 Ala. 451.

We do not deem it necessary to review at length the instructions of the court to the jury. They were in substantial conformity to this view, and there is no error in them, prejudicial to the appellants. For the error first noticed, the judgment must be reversed, and the cause remanded.