# Weis *v*. Goetter, Weil & Co.

*Bill in Equity by Creditor, to set aside Fraudulent Convey-*
*ance.*

1. *Receiver; when appointed before answer.*—By the modern English practice, and by the practice in this country, a receiver may be appointed before answer filed, when a pressing necessity is shown, since delay might defeat the object sought by the application.

2. *Same; at whose instance appointed.*—As a general rule, a receiver will not be appointed at the instance of a party who does not show some title, claim, lien or interest, in, to, or upon the property, or specific thing in litigation; but a creditor by simple contract only, being now author-ized by statute to file a bill to reach and subject property fraudulently conveyed by his debtor (Code, § 3886), acquires by his bill, and the ser-vice of process under it, such an interest and lien in and upon the prop-erty as entitles him to ask the appointment of a receiver for its custody and preservation.

APPEAL from the Chancery Court of Conecuh.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 22d November, 1882, by Goetter, Weil & Co., a mercantile partnership doing busi-ness in the city of Montgomery, as a creditor at large of M. H. Jacoby, against said Jacoby and Mark Weis; and sought to set aside, on the ground of fraud, a sale and transfer of his entire stock of goods by said Jacoby to said Weis; and also an injunc-tion to prevent the defendants from removing or disposing of the goods, and the appointment of a receiver to take charge and custody of the property; on the ground that the defendants were insolvent, and were fraudulently selling the goods for cash. The decree is sued out from a decretal order appointing a re-ceiver, and that order is assigned as error.

STALLWORTH & BURNETT, and D. P. BOWLES, for the appel-lants, cited High on Receivers, §§ 406, 103–4; *McLean v. Presley*, 56 Ala. 212; *Hughes v. Hatchett & Trimble*, 55 Ala. 631; *Brierfield Iron Works v. Foster*, 54 Ala. 622; Story's Eq. Pl. § 309; 1 Dan. Ch. Pr. § 395.

FARNHAM & RABB, *contra*, cited 2 Story's Equity, § 831; *Ex parte Walker*, 25 Ala. 81; *Bard v. Bingham*, 54 Ala. 466; 2 Dan. Ch. Pr. 1406, 1426; *Evans v. Welch*, 63 Ala. 250.

[Weis v. Goetter, Weil & Co.]

STONE, J.—This is an appeal from an order appointing a receiver, and the record presents no other question. The bill was filed November 22d, 1882, and on the same day summons was issued and served on each of the defendants. On the same day, November 22d, a petition was filed, praying the appointment of a receiver, and setting November 28th for its hearing in vacation. Notice of this motion was also issued and served on the same day, November 22d. The bill was by a creditor at large, and was filed under section 3886 of the Code, which enacts that, "a creditor without a lien may file a bill in chancery, to subject to the payment of his debt any property which has been fraudulently transferred, or attempted to be fraudulently conveyed by his debtor." The chancellor first made an order for an injunction, prescribing the bond to be given by complainants before its issue, and then appointed a receiver, the appointment to take effect after the injunction bond should be approved, and requiring the receiver to give bond before entering upon the trust. The bonds were given, and an order was issued, placing the receiver in possession, and prescribing his duties. The property sought to be condemned is a stock of merchandise, alieged to have belonged to Jacoby, the debtor, and charged to have been fraudulently conveyed to Weis.

It is urged for appellant, that the application for a receiver was premature, and should not have been entertained until after answer filed. Such is said to have been the rule in the earlier English practice. But the rule there was relaxed many years ago. In a note to *Huguenin v. Basily*, 13 Vesey, 105–7, it is said, "that, in modern practice, an order for a receiver may be obtained on motion, grounded on affidavit, before answer, whenever justice appears to require it." In High on Receivers, § 103, the author says: "It may be regarded as the settled English practice, to grant receivers before answer, in cases of emergency calling for immediate interference of the court to protect the equities of plaintiffs, and where the merits of the cause are sufficiently disclosed by affidavits; and if defendant has put in an affidavit, in opposition to plaintiff's affidavit upon the motion, the affidavit will be regarded as a sufficient appearance for the purpose of entertaining the motion." This is the principle declared in *Vann v. Barnett*, 2 Bro. C. C. 158. In section 105, Mr. High, speaking of cases of fraud and imminent danger, says: "Where the emergency shown is such as to render it essential to justice that a receiver should be immediately appointed, it may be done before answer, since to delay the relief might entirely defeat the object sought by the application." There is nothing in this objection.

It is objected, in the next place, that the complainants are only creditors at large, without a judgment, and that therefore

[Weis v. Goetter, Weil & Co.]

they are not entitled to have a receiver appointed at this stage of the proceedings. The general rule is, that to entitle a complainant to a receiver, he must show some title or claim, lien upon, or interest in the specific thing, the subject of the litigation. A mere creditor at large, seeking in the ordinary way to collect his money, has no right to this extraordinary remedy. It is nevertheless remedial, very beneficial in its operation when rightly invoked, and should not be withheld from cases falling within its principles.—High on Rec. § 406. "In cases where an estate is held by a party, under a title obtained by fraud, actual or constructive, a receiver will be appointed."—Story's Eq. Jur. § 834. "The practice is especially salutary in cases of creditors' bills in aid of the enforcement of judgments; and in this class of cases receivers are almost uniformly granted before answer."—High on Receivers, § 105. "Creditors, even before judgment, may have such a special or equitable lien upon the debtor's property as to entitle them to the aid of equity, and to the protection of a receiver."—*Ib.* § 408. "Fraudulent assignments of his property by a judgment debtor, for the purpose of hindering and defeating his creditors, are frequently made the foundation for proceedings in equity for the appointment of a receiver in behalf of judgment creditors."—*Ib.* § 411. Such proceedings fasten a lien upon the property, which will override all other subsequently accruing liens and purchases. *Dargan v. Waring*, 11 Ala. 988. "If the creditor has a lien or charge upon the property of the debtor, even though his demand may not be reduced to judgment, he occupies a different relation from that of a mere contract creditor, and may properly invoke the preventive powers of the court for his protection."—2 High on Injunctions, § 1404. In *Brierfield Iron-Works v. Foster*, 54 Ala. 622, we said: "A receiver ought to be appointed only to prevent fraud, save the subject of litigation from material injury, or rescue it from threatened destruction. Nor should it be done then, until answer to a bill praying it has been made by defendant, unless the necessity be of a most stringent character."

What we have above quoted, from books of the highest authority, proves two propositions: First, that in cases of pressing emergency, the Chancery Court may appoint a receiver before answer filed; and, second, a receiver may be appointed, whenever the complainant has a lien, or a special right to have the property or funds in controversy applied to the payment of his claim. Of course, this must be taken with the qualification, that there must be shown a sufficient necessity for taking the property into the court's custody.

The statute which now forms section 3886 of the Code of 1876 was enacted February 24, 1860.—Pamph. Acts, 35. Be-

[Boykin v. Bank of Mobile.]

fore that time, a bill would not lie in such a case·as this. It did lie, to enforce a judgment, by removing fraudulent obstructions, in such a case as that shown in *Dargan v. Waring, supra;* and when filed and served, it fastened a lien on the property sought to be subjected. The lien was not the result of the judgment, for the judgment in that case was not a lien. It resulted from the bill, filed as a means of enforcing the judgment. There can be no question that if, in that suit, it had been shown that a necessity existed for preserving the fund, or its income, for the payment of the judgment, a receiver should have been appointed. Insolvency of the defendant, and threatened waste, or inadequacy of the *corpus* of the property to satisfy the demand, are among the grounds which would have authorized this extraordinary remedy. The act of 1860·(Code, § 3886) gives to a creditor without a lien the same right to pursue property fraudulently transferred, or attempted to be fraudulently conveyed, as a creditor with a judgment had previously had; and when a bill is filed under that statute, and process of summons is served on the defendant, "a lien is acquired on the property conveyed, which will prevail over any subsequent alienation by the debtor or his grantee, and over the claims of subsequent judgment creditors, or of an assignee in bankruptcy." *Evans v. Welch*, 63 Ala. 250. Nothing in this objection.

The sworn statements found in this record make a very strong *prima facie* case of pressing emergency, and the rebutting affidavits are wholly insufficient to overturn it.

Affirmed.