# Heard *v.* Murray, Dibbrell & Co.

*Creditors' Bill in Equity to set aside Fraudulent Con- veyances.*

1. *Receiver; appointment by register without notice; appeal to chan- cellor.*—On appeal to the chancellor from an order of the register ap- pointing a receiver without notice (Code, §§ 3534–5), the hearing is necessarily *de novo*, and either party may introduce additional affi- davits; and if this were not the rule, yet the defendant could not complain on error of the reception of additional affidavits on the part of the plaintiff, when he did not object to their admission before the chancellor, and himself adduced counter affidavits.

2. *Same; when properly appointed.*—When creditors of an insolvent debtor file a bill in equity to set aside a conveyance of his property on the ground of fraud, and to subject the property to the satisfac- tion of their debts, they acquire a specific lien on the property by the service of process under their bill; and they are entitled to have a receiver of the property appointed, on averment and proof that the appointment is necessary to preserve and effectuate this lien; that is, that the debtor is insolvent, that the grantee is a non-resident and has no property here, and that the goods conveyed are being dis- posed of by one or both of them, and thereby placed beyond the reach and jurisdiction of the court.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 8th January, 1891, by Murray, Dibbrell & Co., and O'Bryan Bros., mercantile part- nerships doing business in Nashville, Tennessee, against George P. Heard, his wife, Mrs. A. A. Heard, and William L. Tillman, his brother-in-law; and sought to set aside, on the ground of fraud, two conveyances of his property by said Heard, and to subject the property to the payment of com- plainants' debts against him. Each of the conveyances was dated January 5th, 1891. The deed to Mrs. Heard conveyed about one hundred acres of land, and several small town lots

93 127
93 207

93 127
95 317

93 127
98 198

93 127
100 519

93 127
106 494

93 127
119 390

93 127
d121 209

93 127
131 114

[Heard v. Murray, Dibbrell & Co.]

in Georgiana, on the recited consideration of $1,100, part of an admitted indebtedness from said Heard to his wife.   The deed to Tillman conveyed eighty acres of land, and a stock of goods, which, according to the inventory annexed to it, was worth $4,464.20; the recited consideration being an existing indebtedness amounting to $4,684.58.   The bill. alleged that the complainants' debts against Heard were due and unpaid at the time these conveyances were executed; that they conveyed substantially all of his property, and were executed with the intent to hinder, delay, and defraud complainants and other creditors; that they were without consideration, the recitals of consideration being fictitious and untrue; that said Heard was insolvent, and had no property subject to execution at law; that Tillman resided in Georgia, and had no property in Alabama except that embraced in said deed. The bill prayed that the conveyance be declared fraudulent and void, and the property subjected to the payment of complainants' debts; and it further prayed for a temporary injunction to prevent Heard and Tillman from disposing of the goods, and the appointment of a receiver to take possession of the goods and preserve them.

On the filing of this bill, which was sworn to, the complainants also filed a petition to the register, verified by affidavit, asking the appointment of a receiver at once, without notice to said Heard and Tillman, on the ground that they were disposing of the goods conveyed to Tillman, and that notice of the application would enable them to defeat its object by placing the goods beyond the reach of the court's process; and the register thereupon appointed R. S. Pilley receiver, without notice to the defendants.   From this order the defendants appealed to the chancellor, and on the hearing before him, affidavits being adduced by both parties without objection, he affirmed the order for the appointment of a receiver, but appointed Jabez Brown, the sheriff of the county, as receiver instead of Pilley.   The defendants appeal from this order, and here assign it as error.

J. C. RICHARDSON, for appellants, cited Code, §§ 3534–35; *Moritz & Weil v. Miller*, 87 Ala. 331; *Thompson v. Tower Man. Co.*, 87 Ala. 733; *Randle v. Carter*, 62 Ala. 95; *Meyer v. Johnston*, 53 Ala. 237; *Briarfield Iron Works v. Foster*, 54 Ala. 622; *Crowder v. Moore*, 52 Ala. 220; *Hughes v. Hatchett*, 55 Ala. 651.

ZELL GASTON, and GAMBLE & POWELL, *contra.*—By the filing of their bill, and the service of process under it, the complain-

[Heard v. Murray, Dibbrell & Co.]

ants acquired a specific lien on the property conveyed to Tillman; and they showed a clear case for the appointment of a receiver, in order to preserve and effectuate their lien.—*Scott v. Ware*, 65 Ala. 174; *Bard v. Bingham*, 54 Ala. 463; *Weis v. Goetter, Weil & Co.*, 72 Ala. 259; *Sims v. Adams*, 78 Ala. 395; *Randle v. Carter*, 62 Ala. 95; High on Receivers, § 103.

McCLELLAN, J.—This is an appeal from an order of the chancellor confirming the appointment of a receiver made by the register under section 3534, and brought before the chancellor for review under section 3535 of the Code. The receiver was appointed, in the first instance, without notice to the adverse parties, and solely upon the bill, which contained a prayer to that end, and which was sworn to, and upon a petition presented after bill filed, which set forth the facts relied on as authorizing the appointment, and which also was verified. On the hearing of the appeal before the chancellor, each side offered affidavits taken *ad interim*, going, respectively, to show and deny the necessity and propriety of the appointment. It is insisted here that the chancellor was without authority to consider these affidavits, for that he could only pass on the case as presented to the register, and affirm or reverse the latter's action from the point of view occupied by him in making the appointment; and that this court, in reviewing the chancellor's action, can not look to the case made before him, improperly, it is contended, by evidence which was not before the register. There are two considerations which must lead to the denial of these positions. In the first place, the note of submission on the appeal to the chancellor, not only shows no objection on the part of the appellants there and here to the affidavits offered for complainants, but, in addition, shows that they themselves submitted the appeal on various affidavits, exhibits, &c., none of which were adduced, or could have been offered, on the original application to the register. They can not now be heard to insist that the chancellor had no right to consider the case they thus presented to him, but they must succeed or fail on the present appeal accordingly as the action of the chancellor on the submission to him was or was not erroneous, wholly irrespective of the action which should have been taken had the appellate power of the chancellor been invoked solely to a review of the case made before the register.

But, leaving this matter out of view, the position taken by appellants in this regard, is abstractly unsound. The trial on appeal to the chancellor is necessarily *de novo*. The statute

provides that, upon good reason shown to the register, he may appoint a receiver without notice. The appointment made here was without notice, and upon a purely *ex-parte* showing as to the necessity for the action invoked. The defendants had no opportunity to controvert this showing, but the order was passed and the receiver commissioned before they were aware of the proceedings for that purpose. Surely it was not the intention of the law-makers that on their appeal to the chancellor they should not be allowed to offer anything in rebuttal of the showing made by their adversaries in their absence, and that whatever the real facts may be, and however short the true situation might fall of justifying the appointment, their mouths should be closed to show the truth. Such a construction would, in nine cases out of ten, make the appeal to the chancellor, intended manifestly to give the party complaining of the register's order an opportunity to demonstrate its incorrectness by adducing the truth, a mere mockery; and would result in all cases, where the appointment is made without notice, in the retention of a receiver indefinitely, upon a showing made alone by the party asking his appointment. Very clearly, upon such appeal, the appellant must be allowed to adduce other evidence than that acted on by the register; and if he may, the whole matter must be opened up for a hearing *de novo* before the chancellor; and if the facts then adduced justify the appointment, the receiver should be continued whether the order for his appointment in the first instance was authorized by the evidence then before the register, and also, when no notice of the original application was given, whether the reason for pretermitting notice, was sufficient or not.

The bill on which these proceedings were had was filed by Murray, Dibbrell & Co. and O'Bryan Brothers, creditors of George P. Heard, against said Heard, his wife, Mrs. A. A. Heard, and William L. Tillman, his brother-in-law. Its purpose is to subject to the satisfaction of the complainants' demands property conveyed by Heard to his wife and Tillman, severally, on the recited consideration of antecedent debts. The bill alleges that complainants' claims accrued, and were due prior to said conveyances; that the property conveyed by Heard to Tillman and Mrs. Heard was substantially all that was owned by the grantor, and he has no property left which could be subjected to his debts; that Tillman is a non-resident, and has no property in Alabama except that transferred to him by Heard; that Mrs. Heard has no property except that so transferred to her; that both said conveyances were made upon simulated and fictitious considerations, in that the said

[Heard v. Murray, Dibbrell v. Co.]

Heard did not owe either of said grantees the debts recited as the considerations thereof respectively, or any part of the same; that each of the conveyances was purely voluntary, and was made and accepted with the intent to hinder, delay and defraud orators and Heard's other creditors, &c. These averments are manifestly sufficient to impeach the conveyance and support the relief prayed.

The complainants by filing this bill acquired an inchoate lien on the property conveyed to Tillman and Mrs. Heard. *Evans v. Welch*, 63 Ala. 250; *Weis v. Weil*, 72 Ala. 259; *Freider v. Leinkauff*, 8 So. Rep. 758; 92 Ala. 469.

Chief among the items of property conveyed to Tillman was a stock of goods; and the receiver was appointed for the preservation of this property pending the litigation. The complainants having by the filing of their bill and service of summons acquired this lien on the stock of goods, they were entitled to the receiver upon showing three things—namely, a reasonable probability of success on their part in finally subjecting the property to the satisfaction of their lien; a necessity of resorting to the property to make their debts, and a danger that the property will be wasted, disposed of, or gotten out of the reach of the court so that the lien can not be effectuated.—*Ashurst v. Lehman, Durr & Co.*, 86 Ala. 370; *Weis v. Weil*, 72 Ala. 259.

The affidavits upon which the chancellor acted show with reasonable probability that the property conveyed to Tillman, on a recited consideration of about four thousand seven hundred ($4,700) dollars, was worth from two to three thousand dollars more than that sum. This discrepancy itself would avoid the conveyance, and entitle complainants to subject the property conveyed to him, including the stock of goods, to the satisfaction of their demand.—*Mobile Savings Bank v. McDonnell*, 89 Ala. 434. It is also shown that George P. Heard, the debtor, is insolvent, and, hence, the necessity for preserving this property to abide the result of the litigation, since without its subjection complainants' lien will not be satisfied. And, as the third essential to the appointment of a receiver, it is shown without controversy that the stock of goods was being disposed of by Heard or Tillman, or both, so that it would not be forthcoming to respond to the decree enforcing the lien of complainants, should they succeed in the cause. The showing was sufficient, we think, to justify the chancellor's action.—Authorities *supra*; *Moritz v. Miller*, 87 Ala. 331; *Thompson v. Tower Manufacturing Co.*, *Ib.* 733; *Sims v. Adams*, 73 Ala. 395.

Affirmed.