BROWN, J.
 

 This appeal is from a decree dismissing the appellant’s bill as to the defendants, Central National Bank of Albany, John Davis, and F. S. Hunt, which sought to cancel and set aside as fraudulent a conveyance made on the 16th of December, 1924, by complainant’s debtor, John L. Robinson, to L. D. Ford.
 

 The evidence clearly sustained the allegation of the bill as to the existence of the complainant’s debt against Robinson, that it antedated the conveyance, and that the conveyance was voluntary and therefore constructively fraudulent.
 

 It also appears without dispute that the property in question consisted of a lot located in the city of Albany, owned by the complainant’s debtor John L. Robinson and one Leo M. Warten as eotenants; that before the filing of the bill by complainant, Robinson had filed a bill in the circuit court of Morgan county, in equity, against Warten, to have the property sold for division between the eotenants, and that case had proceeded to final decree, and the property was then advertised for sale. The partition proceedings are in no way assailed by the bill as originally filed or as amended, and no steps were taken by the complainant either to stay the sale or to intercept the proceeds thereof and subject them, other than the filing of the hill, making Robinson and the Central National Bank of Albany, who were parties to the partition proceedings — the bank having acquired the interest of Warten at execution sale — parties to the bill and the filing of a lis pendens notice in the office of the judge of in’obate of Morgan county as provided by statute. Oode 1923, §§ 6877-6886.
 

 The property was sold by the register under the pending decree for distribution on January 19, 1925, and the Central National Bank became the purchaser, and thereafter conveyed to Davis & Company, a partnership composed of John Davis, F. S. Hunt, and Robert Ford. Davis and Hunt were made parties by amendment to the bill.
 

 In the absence of allegations in the bill assailing the proceedings in the partition suit, and the proceedings in the suit between the Central National Bank and Warten, as collusive and fraudulent, the principles declared in Gay, Hardie & Co. v. Brierfield Coal & Iron Co., 94 Ala. 303, 11 So. 353, 16 L. R. A. 564, 33 Am. St. Rep. 122; Id., 106 Ala. 615, 17 So. 618, are not applicable. The bill in that case “assailing the mortgage bonds as having been issued without consideration, in fraud and violation of constitutional provisions, and the judicial pro'ceedngs [in the Federal court] as fraudulent and collusive.” 106 Ala. 621, 17 So. 618, 619.
 

 No principle is better settled than that every material fact essential to relief must be averred as well as proved, and want of allegations is as fatal as failure of proof. McDonald v. Mobile Life Ins. Co., 56 Ala. 468; Westbrook v. Hayes, 137 Ala. 572, 34 So. 622.
 

 
 *289
 
 The question of controlling importance in this case is whether or not the complainant' acquired a lien on the property that is superior to the title acquired by the bank through its purchase at the register’s sale,
 

 It is well settled that, though prior to and at the time of filing the bill by a simple-contract creditor to subject property of his debtor fraudulently conveyed, he has no lien, “yet, when the bill is filed, and process served, a lien is acquired on the property conveyed, which will prevail over any subsequent alienation by the debtor or his grantee, and over the claims of subsequent judgment creditors, or of an assignee in bankruptcy.” Evans v. Welch, 63 Ala. 250; Weis v. Goetter Weil & Co., 72 Ala. 259; Hines v. Duncan, 79 Ala. 112, 58 Am. Rep. 580; Dargan v. Waring et al., 11 Ala. 988, 46 Am. Dec. 234; Kelly v. Turner, 74 Ala. 513.
 

 ■ To quote from Hines v. Duncan, supra: “It may be regarded as settled in this State, whatever may be the rule in other States, that a bill in equity,
 
 with service of process,
 
 by a creditor to set aside a fraudulent deed, and have the land of his debtor sold, gives the complainant a lien on the land, which will not be defeated by a bona fide sale by the defendant, or under an execution on the judgment of another creditor, which did not have a prior lien. It was so held in Dargan v. Waring, 11 Ala. 988, 46 Am. Dec. 234; and there has been no subsequent departure from the rule. On the contrary, it has been reaffirmed. Evans v. Welch, 63 Ala. 250. * * * In a bill brought for such purpose, the particular property sought to be subjected must be specifically described. The remedy is also specific, as the court deals only with the property thus mentioned, and its liability. To this extent the proceeding is in rem, though in form, and other respects, it is a proceeding in personam. In Kelly v. Turner, 74 Ala. 513, speaking of the operation of the decree on a bill by a creditor resorting to a court of equity to subject the equitable separate estate of a married woman, and the consequent necessity of specifically describing the property, on which the decree is to operate, it is said: ‘In this respect, the suit has some of the characteristics of a proceeding in rem, though, in form and essential elements, it is a suit inter partes. * * * It creates a specific lien, if successfully prosecuted to final decree;
 
 the decree talcing effect, hy relation, from the day of the service of summons to answer.’
 
 * * * ‘In courts of equity, the term
 
 Hen
 
 is used to denote a charge or incumbrance on a thing, when there is neither jus in re, nor jus ad rem, nor possession of the thing.’ * * * Such bill, and service of process thereon, are in the nature of an equitable levy, and give the court control of the property, which it will not permit to be withdrawn by any subsequent act or title, so as to render the suit ineffectual, * * * The lien thereby acquired may be defeated or lost by a failure to prosecute the suit to a final decree of-condemnation and sale.” (Italics supplied.)
 

 While some of the quoted utterances were in respect to subjecting the property belonging to the separate estate of a married woman, which could not be reached by execution, at law the principles stated are applicable to the case of a simple contract creditor without a lien, proceeding to subject property fraudulently conveyed by the debtor. The filing of the bill containing a specific “description of the property and service of summons or other process on the debtor or his fraudulent grantee, one or both, are the facts from which ¡the lien arises, bringing the property under the control of the court, which will not suffer it to be withdrawn so as to defeat the objects of the bill by any subsequent act or title.” Dargan v. Waring et al., 11 Ala. 988, 46 Am. Dec. 234; Newdigate v. Jacobs, and Lee & Rees, 9 Dana (Ky.) 20; Mathews v. Mobile Mutual Life Insurance Company, 75 Ala. 86.
 

 There is nothing in the record from which the date of service of process can be ascertained.
 

 Robinson, the alleged fraudulent grant- or, and Ford, his grantee, filed answers on January 31, 1925, and from this fact it will be assumed, in the absence of anything to the contrary, that service of process was perfected prior to that date. But we cannot assume that service of process was perfected prior to the sale under the decree of the court in the partition proceedings, on the 19th day of January, 1925, which was confirmed on January 28, 1925, the decree of confirmation divesting all the rights, title, and interest of the parties to that suit and investing in the purchaser at the sale, the Central National Bank of Albany, Ala.
 

 It cannot be affirmed, therefore, that the lien of the complainant McCarty was an incumbrance on the title acquired by the purchasing bank, and superior thereto.
 

 Another reason appears why the lien acquired by the bill was not an incumbrance on the title. The property had been brought within the control of the court by the bill filed to sell the land for division, and in the absence of an assault on that proceeding as collusive and fraudulent, the court to protect its jurisdiction will retain its control over the property so as to accomplish the object of that proceeding. Before the complainant filed his hill, the proceedings on the bill to sell for division had eventuated in a final decree through which the parties lost control over the title, leaving in themselves the mere right to receive the proceeds of the sale in proportion to their respective interests. Griel v.
 
 *290
 
 Randolph, 108 Ala. 603, 18 So. 609; Stein et al. v. McGrath, 128 Ala. 181, 30 So. 792.
 

 The complainant, by the filing of his bill and the service of process, could not acquire rights superior to those of his debtor Robinson, and therefore his lien attached, not to the property, but to Robinson’s share of the proceeds, and on timely application the court had authority to protect the interest of complainant by withholding distribution of Robinson’s share of the funds, until complainant could perfect his lien by prosecuting his suit fo final decree. Wright v. Phillips, 56 Ala. 69.
 

 If it be assumed that complainant was a lienee within the meaning of section,6881 of the Code, and that notice other than that imported by the final decree then on record, in the court, the evidence clearly warrants the conclusion that complainant had actual notice of the partition proceedings when he filed his bill. So the failure of the parties in the partition proceedings to file a notice lis pendens, as required by statute, does not affect the rights of the parties.
 

 Affirmed.
 

 ANDERSON, O. J., and SAYRE and THOMAS, JJ., concur.