Wooten et al. *v.* Clark.

---

WOOTEN & CARMACK *vs.* L. & G. W. CLARK.

In 1840, L. C., being greatly embarrassed, conveyed to his son, G. W. C., for the sum of $ 500, a tract of land, which was then the home of L. C., who stipulated that he should continue to reside on the place, and that G. W. C. should support him and his large family, ten in number, for four or five years. G. W. C. claimed part of the corn and fodder raised upon the place, as his part of the crop, and with it paid about $ 150 of the consideration. He was to pay the remainder on debts of his father, one of which, of about $ 280, was mostly paid by a sale, under execution of other lands of L. C., and the residue was paid by G. W. C. The father and son continued to reside together on the place after the sale ; the father rented some of the land, and received the rent, and also received rent from a third person, to whom a portion of the land had been rented by the son. In 1843, the father obtained a discharge in bankruptcy, having previously assigned to his son a claim for $ 320, which was paid to the son. When the old man conveyed the land to his son, he remarked that " he was too smart for them." In 1844, the son re-conveyed the land to his father, who gave him his note for the price, which was $ 500. Upon a bill filed by judgment creditors of the father, whose claim was due in 1839, it was *held*, under all the circumstances of the case, that the conveyance of the land to G. W. C. was fraudulent and colorable only, and not *bonâ fide.*

Where a debtor, in failing circumstances, stipulates in the sale of his property for a benefit to himself, as for a support for himself and family for a term of years, the law will regard the transaction with great suspicion ; since he thereby secures a benefit to himself at the expense of his creditors ; for a purchaser would give less for property encumbered with such a condition, than for a clear right to immediate and untrammeled possession.

Where the vendee enters into possession jointly with the vendor, it is not a change of possession, or, at least, it does not give the vendee the exclusive possession.

Under the bankrupt law all liens, which are valid by the laws of the States respectively, are preserved, unless the persons holding them come in and prove their claims, and ask their *pro rata* share of the effects of the bankrupt. In other words, the creditor is not deprived of his lien by the decree in bankruptcy, unless he voluntarily relinquishes or surrenders it.

In error from the circuit court of Tishamingo county; Hon. Hugh R. Miller, judge.

The facts of the case are sufficiently stated in the opinion of the court.

*Price & Jackson*, for plaintiff in error.

*T. J. Word*, for defendant in error.

Mr. Justice CLAYTON delivered the opinion of the court.

In 1840, Lewis Clark being greatly embarrassed by debt, conveyed a tract of land to his son, G. W. Clark, then about twenty-three years of age, for the sum of $500. The tract of land was the home of Lewis Clark, on which he resided, with some ten children, his son George W. among them. Of the consideration, about $150 were paid in corn and fodder raised on the place, which was claimed by G. W. as his part of the crop. The balance was to be paid by G. W. Clark to debts of his father, for part of which the son was bound as surety. The largest of these amounted to about $280, the greater part of which was subsequently paid, by the sale under execution of other land belonging to Lewis Clark, the father. The residue was paid by G. W. Clark.

After the sale, Lewis Clark continued to reside with his family on the premises. G. W. Clark also resided there. Lewis rented out a part of the place, and received the rents. There was some claim at one time by Lewis Clark of rent from G. W. Clark, and Lewis Clark received rent for part of the land, which G. W. Clark rented to a third person.

In 1843, Lewis Clark received a discharge from his debts under the bankrupt law. There is proof that before he filed his petition in bankruptcy, he assigned a claim on E. M. Driver for $320 to G. W. Clark, which was paid to G. W.

In 1842, the appellants recovered a judgment against Lewis Clark, for a debt due in 1839, and this bill is filed to obtain satisfaction of this debt, out of the land so conveyed by Lewis to G. W. Clark.

In 1844 the land was re-conveyed by G. W. Clark to his father, who gave his note for the price, which was $500.

The only question in the case is, whether the sale to G. W. Clark was *bonâ fide*, or only colorable. There are two other circumstances which may be mentioned, as having some weight on this point. First, that it was part of the agreement, that Lewis Clark was to continue to reside on the place, and that George W. was to support his father and family for four or five years; secondly, whilst the deed was in the progress of preparation for execution, the old man remarked more than once, that he was too smart for them, or used words to that effect.

The stipulation for a home and for a support for four or five years for himself and his family, is one on which the law looks with great suspicion. It is securing a benefit to himself at the expense of his creditors; for a purchaser would not give so much for property encumbered with such a condition, as he would for a clear right to immediate and untrammeled possession. 9 S. & M. 434.

The retention of possession is a pregnant circumstance, for it is not a change of possession where the vendee enters into possession jointly with the vendor. At any rate, it does not give the vendee the exclusive possession. Rob. Fr. Con. 549. This writer remarks on this subject: "That where land is conveyed, the want of possession casts a less degree of suspicion upon the transaction, than where goods are the subject of the conveyance, for with respect to land, the property is evidenced by the title-deeds, and manual occupation is no criterion of ownership. But the leading object of the statute 13 Eliz., ch. 5, was to prevent those collusive transfers of the legal ownership, which place the property of a man indebted out of the reach of his *bonâ fide* creditors, and leave to him the beneficial enjoyment of that which ought in conscience to be open to their legal remedies. Possession therefore of land, after an absolute conveyance, is evidence of a fraudulent design within the statute; and if this possession be accompanied with acts of ownership, the evidence of fraud under that statute becomes very hard to be resisted." Ib. 550, 553.

In this case there was a continued possession, coupled with a stipulation for that continuance for four or five years. There

is a strong presumption from the evidence, that the payments made by G. W. Clark were reimbursed to him by the money collected of Driver, and which really belonged to Lewis Clark. Then the declarations of the old man at the time of the re-conveyance, and the re-conveyance when the time was about to expire, for which he was by agreement to retain possession, all lead us to the conclusion, that the conveyance was colorable only, and that the land still remains liable for this debt.'

The decree in bankruptcy does not interfere with the right of the appellants. By the bankrupt law, all liens which are valid by the laws of the States respectively are preserved, unless the persons who hold them come in and prove their claims, and ask their *pro rata* share. 5 U. S. Statutes at Large, 442 – 445. The present complainants do not appear to have done this, and their rights remain unimpaired. *Talbert* v. *Melton*, 9 S. & M. 9 ; *Russell* v. *Cheatham*, 8 S. & M. 710. In other words, the party is not deprived of his lien, by the decree in bankruptcy, unless he voluntarily relinquishes or surrenders it.

The decree of the court below is reversed, and the cause remanded for further proceedings in accordance with this opinion.

· Decree reversed.