# Brown, Adm'r, *v.* Tutwiler, Adm'r.

## *Revivor.*

1. *Revivor; within what time must be made.*—Under our statutes, *revivor* in favor of or against the legal representative can not be made, if moved for after eighteen months from the occurrence of the event which renders it necessary; and the same rule applies where *revivor* is sought in the name of a succeeding administrator, or other successor in the right to sue or be sued, in place of one removed, as where *revivor* is made necessary by the death of a party.

2. *Same.*—The fact that the suit was brought by an administratrix, on a contract made with her as such, and that *revivor* was sought in the name of the succeeding administrator upon her removal, within eighteen months after it was made known to the court, though a longer period had elapsed since the removal was made, does not alter the rule. (MANNING, J., *dissenting.*)

APPEAL from Circuit Court of Hale.

Tried before Hon. GEO. H. CRAIG.

The opinion states the case.

W. M. BROOKS, for appellant.—The revivor was sought more than two years after the removal. This is not authorized. All the sections on this subject are in *pari matena,* and should be construed together.—*Pope v. Irby,* 57 Ala. 105.

THOS. SEAY, for appellee.—*Ex parte Jones,* 54 Ala. 180, is conclusive in our favor. *Pope v. Irby* is based on an entirely different state of facts from those here presented—the difference being fully shown in *Ex parte Jones, supra.*

STONE, J.—The present suit was commenced in 1866 in

[Brown v. Tutwiler.]

the name of Susan Hill as administratrix of C. W. Hill, deceased, and the cause of action declared on is a promissory note payable to Susan Hill, given in consideration of personal property of the estate of C. W. Hill, deceased, purchased by one of the makers of the note "at a sale of the personal property of said estate made by plaintiff [Susan Hill], as administratrix" thereof. The case was tried, and a verdict and judgment rendered for defendants in the year 1871. An appeal was prosecuted to this court, and in January, 1875, the judgment of the Circuit Court was reversed and the cause remanded.—*Hill v. Huckabee*, 52 Ala. 155. At the spring term of the Circuit Court, 1875, the defendants filed one or more pleas to the merits in bar, and the cause was marked "continued by operation of law" At the fall term, 1875, no entry in the cause appears to have been made. In March, 1874, Mrs. Susan Hill was, by order of the Probate Court in which the administration was pending, removed from the trust of administratrix, ordered to make settlement, but no administrator *de bonis non* was appointed, until the 17th day of October, 1876, when P. A. Tutwiler was appointed administrator *de bonis non*. Up to this time the suit had stood on the docket in the name of Susan Hill, as administratrix of C. W. Hill, plaintiff. At the spring term, 1876, the defendants filed a sworn plea, averring the removal of Mrs. Hill as administratrix, and the time of it, March 11th, 1874, in bar or abatement of her right further to maintain the suit; and at the fall term, 1876, a more elaborate plea, having the same object, was interposed by them, but not sworn to. We will not consider these pleas, nor the rulings on them, for we consider these immaterial questions.

On the 17th of October, 1876, two and a half years after Mrs. Hill was removed from the administration, and immediately after Mr. Tutwiler was appointed administrator *de bonis non*, it was moved that he, as such administrator, be substituted for Mrs. Hill as plaintiff. This motion was resisted by defendants; the motion granted, and defendants excepted. The foregoing are all the material facts that bear on the question presented.

In *Harbin v. Levi*, 6 Ala. 399, 403, Levi had been removed from the administration before the suit was brought. The cause of action, like that in the present record, was a note payable to the administrator for property sold by him as administrator. This court said: "We think it is clear that immediately on removal of Levi from the administration, his right over any of the assets of the estate ceased, and that

[Brown v. Tutwiler.]

it made no difference whether these assets existed in the shape of debts due to the intestate, or due by contract to the administrator." And in *Salter v. Cain,* 7 Ala. 478, it was said that an administrator who had recovered judgment in his representative capacity, could not, after removal from the trust, rightly sue out execution in his own name to enforce its collection. To the same effect are *Gayle v. Elliott,* 10 Ala. 264, and *Dunham v. Grant,* 12 Ala. 105. The case of *Tomkies v. Reynolds,* 17 Ala. 109, rests on peculiar, exceptional facts, and does not conflict with the cases above cited. *Hatch v. Cook,* 9 Por. 177, is an authority for substituting a party in place of one deceased, resigned or removed, on motion.

In *Pope v. Irby,* 57 Ala. 105, we considered section 2908 of the Code of 1876, which reads as follows: "No action abates by the death or other disability of the plaintiff or defendant, if the cause of action survive or continue; but the same must, on motion, within eighteen months thereafter, be revived in the name of or against the legal representative of the deceased, his successor, or party in interest." In that case the plaintiff, who was suing in his own right, died, and more than eighteen months elapsed before motion was made to revive in the name of the personal representative. Under the statute above, we ruled that the motion came too late. The statute provides alike for the cessation of the party's capacity to sue or be sued, whether caused by death or other disability. In either event, the suit "must, on motion within eighteen months thereafter, be revived in the name of, or against the legal representative of the deceased, his successor or party in interest." In the case of *Pope v. Irby, supra,* we said, "The statute authorizing the revivor of pending suits, and preventing their abatement because of the death or other intervening disability of plaintiff or defendant limits the right of revivor to eighteen months from the occurrence of the event which renders it necessary to revive." And the statute, section 2908, makes the same provision for revivor for and against a "successor or party in interest," as it does in reference to the legal representative. Having ruled that the revivor in favor of, or against the legal repre-·sentative, can not be made, if moved for after eighteen months from the occurrence of the event which renders it necessary, we feel bound to make the same ruling as to a succeeding administrator, or other successor in the right to sue or be sued. We hold that section 2622 of the Code of 1876 must be construed in connection with section 2908, and that,

[Brown v. Tutwiler.]

the former only renders more definite the word successor in the latter, without rendering its mandatory provisions less inoperative.—See, also, *Waller v. Nelson*, 48 Ala. 531. The case of *Ex parte Jones*, 54 Ala. 108, stands on facts different from those presented by this record. Whether the second head-note in that case is reconcilable with the views above expressed we do not propose now to consider. The revivor allowed in this case was improper, and the same is set aside.

The judgment of the Circuit Court is reversed, and the cause remanded.

MANNING, J., (*dissenting*).—The statute on which the question in this case depends, is as follows: "No action abates by the death or other disability of the plaintiff or defendant, if the cause of action survive or continue; but the same must, on motion within eighteen months thereafter, be revived in the name of or against the legal representative of the deceased, his successor or party in interest."—§ 2908 (2542) of the Code of 1876. This was evidently enacted for the remedial purpose of intercepting and delaying—not of hastening—the abatement of suits; an object that should be kept in mind when construing the act. Under this idea, we took notice in *Ex parte Jones*, 54 Ala. 108, of the different state, according to the common law, of an action in which the plaintiff died, and of an action in which the plaintiff suing as an executor or administrator, had ceased to be such, but was still living. In the former instance, the action would abate by the mere death of the plaintiff, and a judgment afterwards rendered in it would be wholly void; while in the latter case, the suit would not abate, nor would a judgment rendered in it be void. The plaintiff living would keep the action alive, and he might prosecute it to a judgment in a suit, like the present, on a note payable to him as administrator, unless his removal from the office which entitled him to maintain it, was pleaded and shown. We consequently held in that case, in which the plaintiff, an administrator, had been removed, that when that fact was more than eighteen months afterwards brought to the attention of the court, the motion made at the same term to substitute his successor for him as plaintiff, ought to have been granted.

The statute being remedial, and its application tending to save costs, I think the decision made in that case ought to be adhered to, and that in the present case the judgment of revivor in the Circuit Court ought to be affirmed.