# *Ex parte* Sayre.

*Application for Mandamus to Compel Circuit Court to Rein-
state Cause on Docket.*

1. *Ejectment; revivor against heirs and personal representative.*—In
ejectment, on the death of the defendant in possession, the right to revive
the cause against the heirs for the recovery of the possession of the lands
sued for, or against the personal representative for the recovery of mesne
profits or rents, must be asserted within eighteen months after the death
of the defendant, or it will be lost; and when lost, no recovery can be
had in that action.

2. *Same; what can not be regarded as a motion to revive.*—In ejectment,
when the death of the defendant in possession "is suggested and proved,
and leave granted to plaintiff to revive the suit against his personal rep-
resentative," the minute-entry neither giving the name of the personal
representative, nor adding "when known," this can not be regarded even
as a motion to revive; and if no other steps to revive are taken in the
cause until after the lapse of eighteen months from the death of the de-
fendant, the right to revive having been thereby lost, the court may, on
motion, strike the cause from the docket.

This was an application to this court for a writ of *mandamus*
by Ruth Sayre and others, petitioners, to compel the Circuit
Court of Montgomery county to reinstate on the docket of said
court a cause which had been pending in said court, but which
had, on motion, been stricken therefrom, and in which the peti-
tioners were plaintiffs. The facts are stated in the opinion.

R. M. WILLIAMSON, for motion.—In an action of ejectment,
to recover damages it is necessary to revive; but to recover the
possession of the land, it is not necessary, at common law, to

VOL. LXIX.

[Ex parte Sayre.]

revive. If, on notice by the casual ejector, the tenant fails to appear, judgment for the recovery of the land may be entered against the casual ejector.—*Ex parte Swan,* 23 Ala. 192; *Crutchfield v. Hudson,* 23 Ala. 393. If judgment can be rendered against the casual ejector, if the tenant fails to appear, why could it not be, when he appears and dies? His absence from the suit is the same in both events. So far as the suit is to recover the land, John Doe and Richard Roe are the sole parties.

W. A. GUNTER, *contra*—(1). In ejectment, under the rules now prevailing, the expiration of the lease of the nominal plaintiff would be no cause of abatement, as the court will always permit an amendment enlarging the term.—Tillinghast's Adams, 224–229; *Robinson v. Campbell,* 3 Wheat. 212; *Walden v. Craig,* 9 Wheat. 576, and authorities there cited. (2). But the action of ejectment, in this State, like any other action, abates by the death of the defendant, unless there is a revivor within eighteen months.—*Ex parte Swan,* 23 Ala. 192; *Crutchfield v. Hudson,* 23 Ala. 393; *Evans v. Welch,* 63 Ala. 250; *Pope v. Irby,* 57 Ala. 105; *Brown v. Tutwiler,* 61 Ala. 372. (3). A motion to revive, without designating the person *by name* against whom the revivor is sought, is a nullity. In such case process can not issue to bring in the party.—Code, § 2910; 2 Brick. Dig. p. 132; *Caller v. Malone,* 1 S. & P. 305; *Spence v. Simmons,* 16 Ala. 828; *Turner v. Dupree,* 19 Ala. 188; *Sossman v. Price,* 57 Ala. 204. (4). But if there was a revivor against the personal representatives, they were not the owners of the land, and the revivor should have been against the heirs and personal representatives.—*Ex parte Swan, supra; Crutchfield v. Hudson, supra; Evans v. Welch, supra.*

STONE, J.—There was an action of ejectment brought in July, 1871, by John Doe, on the demise of several named lessors, against Richard Roe, on which the customary notice was issued to P. W. Donaldson, as tenant in possession, or claiming title to the premises sued for. This cause was several times continued, and on May 16th, 1876, "the death of P. W. Donaldson, the defendant, is [was] suggested and proved, and leave granted the plaintiff to revive this suit against the personal representatives of the defendant, and cause continued." The name of the personal representative is not given, and no suggestion or motion is made in reference to the heirs. No *scire facias* is shown to have been issued. No other order of the court was made, except continuances, until June 21st, 1879, when the following entry was spread on the minutes: "This day came the parties by their attorneys, and the death of P. W. Donald-

son, the defendant, is suggested, and on motion leave is granted to revive against the defendant's personal representatives and widow, on notice to be issued to them, and cause continued." No notice is shown to have issued under this order, and it is not shown who was or is the personal representative, who is the widow, or why she should be made a party. No other action, except continuances, is shown to have been had, until December 8th, 1881, when leave was granted to revive in the name of Joseph H. Pope, husband of Lydia Pope, one of the lessors of the plaintiff, whose death was suggested. January 7th, 1882, on motion, the cause was stricken from the docket, for a failure to revive against the heirs and personal representative of Donaldson, within the eighteen months prescribed by the statute. Code of 1876, §§ 2908, 2910.

We need not, and do not determine in this case, what would be our ruling, if the motion had been made to revive against the heirs and personal representative, within eighteen months after the death of Donaldson, and, for some cause, that motion was not acted upon within the eighteen months. That case is not presented by this record, for no motion has ever been made to revive against the heirs. See *Evans v. Welch*, 63 Ala. 250; *Brown v. Tutwiler*, 61 Ala. 372. There can be no question that the plaintiffs have lost their right to revive against the heirs of P. W. Donaldson, and consequently they can not, in this action, recover the possession of the lands.

As to the attempt to revive against the personal representative, should there be a wish to proceed only for mesne profits or rents, the petitioner is in no better condition. The motion was to revive against the personal representative, not the personal representative when known. The implication from this is, that a personal representative had already been appointed. Now, a proceeding against the *personal representative*, without more, is a proceeding against no one.—2 Brick. Dig. 132, §§ 10, 11, 12, 13. More than five years had elapsed since Mr. Donaldson's death had been made known, and the name of the personal representative was never brought to the attention of the court. This can not be regarded even as a motion to revive. Lest we might be misunderstood, we will add, there might possibly be cases in which, the motion being made in time, the mover might not be able to ascertain the name of the personal representative within the eighteen months, by reason that through the delays of litigation, none may be appointed within that time. Whether this would be an excuse or not, we need not positively decide; but there are strong reasons in support of it. To make it available, however, the record should disclose the facts. The law favors speedy trials, and speedy revivors, as a necessary corollary. Bearing on the question of re-

[East et. al v. Eichelberger.]

vivor, after the expiration of a term declared on, we cite without comment, *Lessees of Smith v. McCann*, 24 How. (U. S.) 398;. *Van Rensselaer v. Owen*, 33 How. Pr. Rep. 12; *Alden v. Grove*, 18 Penn. St. 377; *Cresap's Lessee v. Hutson*, 9 Gill. 269; *Cheney v. Cheney*, 26 Vt. 606; *Gordon v. Overton*, 8 Yerg. 121; *Torrance v. Betsy*, 30 Miss. 129.

Motion for *mandamus* denied.