[Holman v. Clark.]

# Holman *v.* Clark.

### *Assumpsit.*

(Decided June 30, 1914.   65 South. 913.)

1. *Abatement and Revivor; Death of Party; Order of Revivor.*— An order reciting the death of the party plaintiff and granting leave for the revival of the suit in the name of the personal representative when known, did not revive the suit, but merely granted leave to revive.

2. *Same; How Affected.*—A revivor is not affected until the legal representative of deceased plaintiff is substituted in his place in the cause.

3. *Same; Grounds for; Failure to Revive.*—Although an order was made granting leave to revive, where the name of such personal representative was not made known to the court, and she did not appear in the suit as a party thereto in person or by attorney for more than two years after her appointment as such personal representative, a motion to abate the suit should have been granted under section 2499, Code 1907.

APPEAL from Dale Circuit Court.

Heard before Hon. W. O. MULKEY, Special Judge.

Action by A. S. Clark against J. D. Holman. From a judgment overruling a motion to abate the suit, the defendant appeals. Reversed and rendered.

H. L. MARTIN, for appellant. The court should have granted the motion to abate the suit under the facts shown in this suit.—Sec. 2499, Code 1907; *Phoenix I. Co. v. Moog,* 81 Ala. 338; *Evans v. Welch,* 63 Ala. 254. The court should have granted the motion to strike the cause from the docket.—*Ex parte Sayre,* 69 Ala. 184.

J. E. Z. RILEY, for appellee. The motion and judgment thereon for a revival having been made within twelve months from the death of plaintiff, the revival was accomplished without more.—*Pope v. Irby,* 57 Ala.

108; *Brown v. Tutwiler,* 61 Ala. 374. The cause was continued for a number of terms, and the motion came too late.—*Townsend v. Jeffries,* 24 Ala. 334. The provisions of section 2499 are remedial, and should be liberally construed.—*Winn v. Tallapoosa C. Bank,* 168 Ala. 494.

WALKER, P. J.—In April 1910, the court below made the following order:

"The death of the plaintiff suggested to the court, on motion it is ordered by the court that leave be granted for the revival of this suit in the name of the personal representative of said plaintiff, A. S. Clark, at this term."

At each of the succeeding six terms of the court an order continuing the cause was made; each of the orders, except one of them showing a continuance by agreement. The record does not indicate that during this time the name of the deceased plaintiff's personal representative was made known to the court or that she appeared in the suit in person or by attorney as a party to it. In July, 1913, the defendant entered a motion that the suit be abated because more than 12 months had elapsed since the death of the plaintiff; the motion alleging:

"That one Mattie Clark has for more than two years been administratrix of the estate of A. S. Clark, deceased, having been duly and regularly appointed by the probate court of Henry county, Ala., and is still serving as the administratrix of said estate."

On the hearing of the motion, of which the named administratrix had due notice, the truth of its allegations was admitted. The motion was overruled, and the same disposition was made of a motion, subsequently made by the defendant, to strike the suit from the docket be-

cause it had not been revived within the time allowed by law.

The order above quoted did not purport to be one reviving the suit in the name of the legal representative of the deceased plaintiff. It merely granted leave to revive. More than two years elapsed without anything appearing in the record to indicate that the administratrix chose to avail herself of this leave. The order merely granting such leave did not have the effect of making an unnamed legal representative of the deceased plaintiff a party to the suit.—*Ex parte Sayre*, 69 Ala. 184. So long as such legal representative failed to become a party to the cause it remained unrevived. When the motion to abate was made, the ground stated in support of it existed, as plainly there had been a failure to revive within the time allowed by the statute (Code, § 2499) ; more than 12 months having elapsed since the death of the plaintiff and the appointment of the administratrix of his estate. "The law favors speedy trials, and speedy revivors, as a necessary corollary."—*Ex parte Sayre, supra.*

A revivor is not effected until the legal representative of the deceased plaintiff is substituted in his place in the suit. When the original plaintiff dies, a new plaintiff must be introduced to save the suit from abatement.—*Wells, Adm'r, v. American Mortgage Co. of Scotland, Limited*, 109 Ala. 430, 20 South. 136. Plainly this was not done in the instant case within the time allowed by the statute. The personal representative of the deceased plaintiff remained unconnected with the suit for more than 12 months after her appointment. After the lapse of that time she was not entitled to revitalize the action by becoming a party plaintiff to it. It follows that the suit was subject to be abated on the

ground stated in the first mentioned motion, and that the court was in error in overruling that motion.

An order will be here made granting that motion. Reversed and rendered.