# State, *ex rel.* Wilder *v.* Smith, Judge.

### *Mandamus.*

(Decided April 20, 1915.    Rehearing denied May 11, 1915.
68 South. 490.)

1. *Mandamus; Judicial Acts; Revival of Action.*—Mandamus is the proper method to correct an erroneous order refusing to allow a case to be revived against an administrator, and in striking it from the docket.

2. *Abatement and Revival; Time; Scire Facias.*—Under sections 2499 and 2500, Code 1907, where petitioner, after judgment for himself as plaintiff, and defendant's death on October 14th, 1913, pending an appeal, on January 16th, at the first call of the suit after the death of the defendant, obtained an order of revivor against the administrator de bonis non, when appointed, and on his appointment at once caused a scire facias to issue to such administrator, which was served September 3rd, 1914, he was not guilty of laches, and was entitled to a mandamus, directing the judge of the circuit court to order the cause restored to the docket, and reviving it against the administrator, since suits commenced by scire facias are like other proceedings, and the plaintiff may make out his case in such proceedings.

3. *Same; Proceedings; Motion.*—The making of a motion for revivor is merely a preliminary step to the court's granting leave to revive, as a basis for the formal order to complete the revivor, and where such formal order was entered within the prescribed time granting leave to revive against the personal representative, when

[State, ex rel. Wilder v. Smith, Judge.]

known, the mere step of making the motion will be considered as merged in the entry, and it will be presumed that the action of the court in making its formal order was predicated upon a motion to that effect.

ORIGINAL petition in Court of Appeals.

Petition by the state on the relation of Samuel Wilder, for mandamus to compel the Hon. C. B. Smith, as Judge, to reinstate a cause dismissed, and to enter an order of revivor against a personal representative. Writ awarded.

IVEY F. LEWIS, for petitioner. The court should have granted the motion to revive this cause; upon the death of the executrix, it was necessary to revive the action in twelve months against the administrator de bonis non.—Code of Alabama, Secs. 2499, 2500, 2805; *Holman v. Clarke,* 65 South. Rep. 913; *Ex parte Sayre,* 69 Ala. 184; *Pope Adm'r v. Irby, Adm'r,* 57 Ala. 105; *Waller Adm'r v. Nelson, Adm'r,* 48 Ala. 531; *Ex parte Jones,* 54 Ala. 108; *Evans v. Welch,* 63 Ala. 250. Section 2500 of the Code of Alabama applies in this cause. Sections 2499, 2500 and 2805, of the Code of Alabama, being in pari materia, should be construed together.—*Brown, Adm'r v. Tutwiler Adm'r,* 61 Ala. 372. Mandamus is the proper remedy to have said cause reinstated on the docket.—*Ex parte Jones,* 54 Ala. 108; *Ex parte Sayre,* 69 Ala. 184; *Ex parte Howell,* 118 Ala. 178; *Reynolds v. Crook,* 95 Ala. 570; *Ex parte Ware,* 48 Ala. 223; *Ex parte Watters, et als.,* 180 Ala. 523; Spelling's extraordinary relief (1893) sections 1393 and note, where the Alabama practice is discussed. Also section 1404; *Davis v. McCulloch* in MS. decided Nov. 7, 1914.

GEORGE E. BUSH, for appellee. The motion was not even a motion to revive.—*Ex parte Sayre,* 69 Ala. 184. The motion came too late.—*Brown v. Tutwiler,* 61 Ala.

374; *Evans v. Welch,* 63 Ala. 250; *Ex parte Howell,* 118 Ala. 178; *Hollman v. Clark,* 65 South. 913.

PELHAM, P. J.—The petitioner, Samuel Wilder, brought suit against Sallie H. Bush as executrix, etc., on a promissory note in the court of common pleas of Birmingham on September 4, 1912, and on September 23, 1912, judgment was rendered for the plaintiff, and the defendant took an appeal to the circuit court. The case was first set for trial in the circuit court on the 8th day of May, 1913, but was continued under the general order of the court because of not having been reached for trial. Sallie H. Bush died on the 4th day of October, 1913, while the suit was still pending. The case was next set for trial on the docket of the circuit court, on the 16th day of January, 1914, after the death of the said defendant in the action. When the case was regularly called for trial at this time, the plaintiff suggested the death of the said Sallie H. Bush, whereupon the presiding judge of the court made an order granting leave to revive the suit against the administrator de bonis non, when appointed. This order was regularly entered upon the minutes of the court, and is in the following language:

"On this the 16th day of January, 1914, this cause being reached upon the docket and called for trial, came the parties by their attorneys and the death of Sallie H. Bush is suggested to the court, and leave granted to revive said suit against the administrator de bonis non, when appointed."

On the 19th day of September, 1914, George E. Bush was appointed and qualified as administrator de bonis non, and on the same day, the plaintiff, acting in pursuance of the previous order of court granting leave to revive caused a scire facias in due form to be issued out

of said court to George E. Bush, as administrator afore-
said, which was served on him on the 23d of September,
1914.

At the time of appointment and qualification of the
administrator, and the issuance and service on him of
the scire facias, the circuit court was not in session,
and did not reconvene until the first Monday of the Oc-
tober following, being the 5th day of October, 1914—
more than a year after the death of the said Sallie H.
Bush. The cause was next set for trial in the circuit
on the 27th day of January, 1915, but was not reached
on the docket and called for trial until the 29th day of
January, 1915, when the plaintiff made a motion to re-
vive the cause against George E. Bush as administrator
as aforesaid. This motion was overruled by the court,
whereupon counsel for·defendant made a motion to dis-
miss the cause from the docket as having abated, because
not revived within the 12 months as required by statute
(Code, § 2499), which motion was granted by the court,
and the plaintiff brings this proceeding for the purpose
of requiring the presiding judge of the circuit court to
reinstate the case and restore it to the docket, and re-
vive the cause against the administrator de bonis non.

It is the settled precedent in this state that manda-
mus is the proper remedy to correct an erroneous order
refusing to allow a cause revived against an adminis-
trator and striking the same from the docket.—*Ex parte
Jones,* 54 Ala. 108; *Ex parte Sayre,* 69 Ala. 184; *Ex
parte Howell,* 118 Ala. 178, 24 South. 500. See, also, 2
Spelling's Extraordinary Relief, § 1393, note 3, where
there is a discussion of the practice in this state with a
citation of the authorities.

The allegations of the motion to revive the cause are
set forth in the record of this proceeding, and were ad-
mitted to be true in the hearing on the motion and in

this proceeding. They are substantially as set out above, and from them it appears without dispute or controversy: That the plaintiff made the suggestion of the death of the defendant at the first call of the case after the death of the defendant, and that the order of the court granting leave to revive against the administrator de bonis non, when appointed, was made at that time; that the defendant died October 4, 1913, and the suggestion of death was made and order entered on January 16, 1914; that the administrator de bonis non was appointed September 19, 1914, and the plaintiff at once, pursuant to the previous order of the court, caused a scire facias to issue to the said administrator, which was served on September 23. It will be observed that this was all within the twelve months of the death of the defendant, and seems to us to be a compliance with the provisions of the statute providing the procedure to revive a suit that survives against a defendant.— Code, § 2500. Section 2499 provides that to prevent an action that survives from abating, a motion must be made within the 12 months to revive it in the name of or against the legal representative of the deceased. These sections of the Code, being in pari materia, should be construed together (*Brown, Adm'r, v. Tutwiler, Adm'r,* 61 Ala. 372), and, section 2500 providing the procedure for revivor on death of defendant pending suit, and the petitioner having, without being chargeable with any laches, complied with all of its provisions, this would seem to be all the law requires in a proceeding of this nature to revive a cause of action that survives against the proper representative of the deceased defendant. It will be noted that section 2500 of the Code authorizes citation to be issued to the representative of the defendant, when known, to appear and defend the suit, as was done in this case within the prescribed period, by the is-

suance and service of scire facias upon the administrator de bonis non. Suits commenced by scire facias are like other actions, and the plaintiff may make out his case in that proceeding.—*Toulmin v. Bennett, et al.,* 3 Stew. & P. 220; *Waddill v. John,* 48 Ala. 232; *Drennen v. Dunn,* 166 Ala. 213, 52 South. 313, 139 Am. St. Rep. 28.

But even if it be conceded that a motion to revive was necessary to that end, the making of the motion required by the statute (Code, § 2500) is merely a preliminary step to the court's granting leave to revive as a basis for the formal order to complete the revivor. And where, as in the present case, the undisputed facts in the record show that within the prescribed time a formal order of the court was entered, reciting that the suggestion of death had been made and leave granted by the court to revive against the proper representative when known ("appointed" we take to mean practically the same thing), and the correctness and authenticity of the court's order is admitted, the merely preliminary step of making a motion to secure the order of the court would be considered as merged in the entry made by and under the authority of the court. It is to be presumed, under such circumstances, and the facts shown by this record, that the action of the court, in making the formal order granting leave to revive, was predicted upon a motion to that effect.

The cases of *Holman v. Clark,* 11 Ala. App. 238, 65 South. 913; *Ex parte Howell,* 118 Ala. 178, 24 South. 500; *Ex parte Sayre,* 69 Ala. 184; *Evans v. Welch,* 63 Ala. 250; *Brown v. Tutwiler,* 61 Ala. 374; *Pope, Adm'r, v. Irby, Adm'r,* 57 Ala. 105, all but the last case noted being cited and relied upon by the respondent, are each based on an entirely different state of facts than disclosed by the record in this case, upon which our hold-

[Stewart Veneer Co. v. Windham & Co.]

ings are predicated, as will be apparent from an examination of those cases, making it unnecessary to prolong this opinion by differentiating them, as there is nothing in the holdings in any of them in the way of what we have said.

The conclusion is that the circuit court ruled erroneously, and that the petitioner is entitled to have his writ of mandamus awarded, and that mandamus should issue as prayed for, directed to the respondent as judge of the circuit court of Jefferson county directing and requiring him to make and enter the necessary orders restoring the cause to the docket of the court for trial, and reviving the same against Geo. E. Bush, administrator de bonis non cum testamento annexo of the estate of J. W. Bush, deceased; and it is so ordered.

Application for mandamus granted.