(75 South. 408)

E. E. FORBES PIANO CO. v. HAY.
(4 Div. 700.)

(Supreme Court of Alabama. April 19, 1917.)

ABATEMENT AND REVIVAL &#x25C8;&#x2014;75(1)—REVIVOR —LIMITATIONS—VOLUNTARY PARTY.

Where plaintiff shortly after death of defendant was granted leave by court to revive against defendant's personal representatives, when known, and about six months thereafter H. was appointed administrator and within three months thereafter counsel for plaintiff required citation to issue to him as such administrator, service of which was accepted with waiver of further notice, after which counsel for plaintiff filed a so-called revivor and administrator appeared in case filing pleas and interrogatories to plaintiff, and the case was continued from term to term, at one of which administrator granted time within which to file pleas, and a ruling was had on said pleas, it was reversible error for court to dismiss the case, although no formal order or revivor had been entered, in view of Code 1907, § 2500, providing that the proper representative may come in and make himself a party defendant.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 441, 445–465, 467–473.]

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Suit by E. E. Forbes Piano Company against J. M. Vann, which was revived against defendant's administrator, B. O. Hay. On motion of Hay the case was stricken from the docket and dismissed, and plaintiff appeals. Transferred from the Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Suit in detinue begun on September 6, 1912, by the appellant against J. M. Vann,

for the recovery of one piano. On October 20, 1912, the death of defendant was suggested to the court, and leave to amend in the name of the personal representative, when known, was granted by the court. At the spring term of 1915, on motion of defendant, the case was stricken from the docket and dismissed out of court, and plaintiff taxed with the costs for which execution was ordered issued. Plaintiff prosecutes this appeal to review this action of the court.

R. P. Coleman, of Dothan, for appellant. B. F. Reid, of Dothan, for appellee.

GARDNER, J. This suit was filed against J. M. Vann, September 6, 1912, for the recovery of a piano, service duly had on the defendant, who executed on October 8, 1912, a replevy bond for the property, which was duly approved. On October 30, 1912, the following bench note was made in the cause:

"Death of defendant J. M. Vann suggested and leave to amend in the name of personal representative, when known, and continued."

It further appears that on April 16, 1913, letters of administration were duly granted by the probate court of Houston county to B. O. Hay. On July 14, 1913, counsel for plaintiff filed a request with the clerk of the court that citation issue to B. O. Hay, administrator of the estate of J. M. Vann, deceased, to appear at the next term of court, and defend in said cause, as required by section 2500, Code 1907. Upon this request is the following indorsement:

"I hereby accept service and waive notice of suit pending. B. O. Hay, Adm'r. Filed in office July 14, 1913. W. A. Brown, Clerk."

On such request the style of the cause was duly given. On October 7, 1913, the plaintiff filed in the cause the following:

"The death of the defendant having been suggested to the court, and B. O. Hay, sheriff of Houston county, Alabama, having been appointed administrator of the estate of the defendant, by leave of the court first had and obtained this suit is hereby revived against B. O. Hay, as administrator of said estate. R. P. Coleman, Plaintiff's Attorney. Filed in Office Oct. 7, 1913. W. A. Brown, Clerk."

On October 29, 1913, and also on April 27, 1914, the cause was marked "continued" on the docket, and on January 25, 1915, the docket entry was: "Continued. Defendant granted 10 days in which to file pleas." On January 30, 1915, pleas were duly filed of the general issue, and also special pleas as to fraud and set-off, and on March 6, 1915, the defendant filed interrogatories to the plaintiff, as provided by the statute, styling the case as "E. E. Forbes Piano Co. v. B. O. Hay, Adm'r," which interrogatories were answered April 2, 1915. When the cause was called for trial at the spring term 1915 of the court, plaintiff filed motion to strike defendant's special pleas, and also interposed demurrers thereto, each of which was overruled by the court. The record discloses that

defendant then moved the court to strike the cause from the docket, because there was no order of court reviving the same, and the cause had not been revived as required by law, and on the further ground that the administrator had not been brought into court in the manner required by the statute. The motion was sustained, and the cause stricken from the docket, dismissed out of court, and the plaintiff taxed with the costs. To this action of the court the plaintiff duly excepted.

We are of the opinion there was error in this ruling of the court. The foregoing statement of what transpired after the death of the original defendant, J. M. Vann, discloses that soon after his death, suggestion of the same was made in the cause, and leave to revive was granted by the court against his personal representative, when known, and that about six months thereafter B. O. Hay was appointed administrator, and within three months after his appointment, counsel for plaintiff required citation to issue to him as such administrator, service of which was accepted by the administrator, who waived further notice of the pending suit. So far, therefore, as plaintiff is concerned, there was sufficient diligence disclosed to demonstrate that its conduct was not contrary to the policy of the statute (section 2500, Code 1907) to speed the trial of causes, and in permitting them to remain in a state of suspension. Pope v. Irby, 57 Ala. 105. In October following the acceptance of service by the administrator, counsel filed a revivor, as it may be called, against said administrator, as set out above, but no formal order of revival seems to have been entered by the court, but the administrator appeared, filed pleas in the cause, as well as also interrogatories to the plaintiff, and the case was continued from term to term, and at one of the continuances defendant granted time within which to file pleas, and a ruling of the court was had on said pleas. Section 2500, Code 1907, provides that "the proper representative may come in and voluntarily make himself a party defendant." We cannot interpret the conduct of the administrator in this cause other than as a substantial compliance with this provision of the statute.

In Parker v. Abrams, 50 Ala. 35, speaking of the question of the appearance of administrators as defendants in the cause, the court said:

"And if the representative appears and defends, as was done in this suit, this is enough, without a scire facias, or motion to revive. When the representative appears in court, and proceeds in the trial, if he is a person then competent to do so, as to him the suit is revived. This the record shows the representative did in this case. This is equivalent to a revival by consent. The consent takes away the irregularity, if any, of such a revival."

See, also, Rupert & Cassity v. Elston's Ex., 35 Ala. 79.

The case of the State ex rel. Townley v. Pugh, 70 South. 973,[1] a decision by the Court of Appeals which was subsequently approved by this court, on the application for certiorari (Ex parte Pugh, 71 South. 999[2]), is authority, we think in support of the view we have here reached, as well, also, the case by the Court of Appeals of State ex rel. Wilder v. Smith, 12 Ala. App. 636, 68 South. 490, in which the application for certiorari was denied by this court. State ex rel. Wilder v. Smith, 193 Ala. 681, 69 South. 1020.

We are informed by counsel for appellant (no brief for appellee appearing in the record) that counsel for defendant in the court below relied upon the case of Holman v. Clark, 11 Ala. App. 238, 65 South. 913. We are of the opinion that case is not analogous to the one here under consideration, and not at all, therefore, in conflict with the conclusion reached, which, we think, is readily disclosed upon a careful reading thereof. We need not, therefore, prolong this opinion by a review thereof.

As said in State v. Pugh (App.) 70 South. 973,[1] the plaintiff in this cause appears to have taken all preliminary steps necessary to entitle him to have entered a formal order of revival, and we think, the administrator in this cause having appeared and entered defense in the suit, a formal order of revivor would have been appropriate, and that the court committed reversible error in granting the motion of defendant to strike the cause from the docket.

The judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.