(79 South. 474)

## Ex parte MEADOR et al.

## STATE ex rel. MEADOR et al. v. JONES, Judge.

(2 Div. 670.)

(Supreme Court of Alabama. May 30, 1918. Rehearing Denied June 20, 1918.)

ABATEMENT AND REVIVAL ☞74(1)—LIMITATIONS—MOTION AND PROCEEDINGS THEREON.

Under Code 1907, § 2499, in case of death of sole defendant, all that need be done within 12 months after death, relative to revival, is making of motion and entering it of record; and it is not necessary that the judgment of revivor be perfected within the 12-month period.

Petition by the State of Alabama, on the relation of E. A. Meador and others, as executors of the estate of D. J. Meador, deceased, to compel R. I. Jones, judge of the circuit court, to abate the action against petitioners as such executors. Writ denied.

The petition shows that on February 21, 1916, D. J. Meador died in Marengo county, leaving a last will and testament which had been admitted to probate, and letters testamentary issued to petitioners, on April 7, 1916, they having qualified as executors; that prior to the death of D. J. Meador, Frank M. Ladd, doing business as Frank M. Ladd & Co., had instituted an action of assumpsit in the Marengo law and equity court against D. J. Meador, and that it was pending in said court at the time of the death of said D. J. Meador, and that D. J. Meador had never entered any appearance or taken any action to defend said cause while living. It is further shown that on April 21, 1916, said Ladd filed in said court an instrument in writing, which was a motion to revive the suit against petitioners as executors. Following this, an order was entered in the court, granting the motion, and ordering notice to be issued petitioners as such executors of the revival of said cause. No further action was taken in said court during its existence, and in Jan-

uary, 1917, the cause was transferred to the docket of the Marengo circuit court, but no action was taken therein until June 19, 1917, and on that day, plaintiff moved for an order of revival against these petitioners as executors, the original citations to them of revival being declared irregular and insufficient. The court granted the order to continue the cause, and had proper citation and notice of the revival issued September 17, 1917. On November 23, 1917, petitioners made a motion to abate the suit, which was denied. Petitioners then filed a motion to strike the cause from the docket, which was also denied, and the suit was revived.

William Cunninghame, of Linden, for appellants. Roach & Ward, of Mobile, and B. F. Gilder, of Linden, for appellee.

MAYFIELD, J. The question here presented for decision is the proper construction of section 2499 of the Code, which reads as follows:

"No action abates by the death or other disability of the plaintiff or defendant, if the cause of action survive or continue; but the same must, on motion, within twelve months thereafter, be revived in the name of or against the legal representative of the deceased, his successor, or party in interest; or the death of such party may be suggested upon the record, and the action proceed in the name of or against the survivor."

The acute question to be determined is whether the statute means that the revivor, in case of the death of a sole defendant, must be perfected by a judgment of revivor within 12 months after the death of the defendant, or whether it is sufficient if the plaintiff file a motion to revive within the 12 months, and that motion be entered of record.

We hold that it is not necessary that the judgment of revivor be perfected within 12 months after the death of the sole defendant; that the statute is complied with, as to time of revivor, if the plaintiff moves in the court to that end, and his motion is acted upon by the court, and is entered of record within the 12-month period. The adverbial phrase of time "within twelve months thereafter," qualifies or refers to the other adverbial phrase of manner, "on motion," and not the verb "revived." That is, the mode or manner of revivor is by motion, and the motion must be made within 12 months after the death of the defendant. The statute does not mean that there must be a judgment of revivor within 12 months after the death of the defendant, but it does mean that a motion to that end must be made and entered of record within the period of 12 months. To hold that the revivor must be perfected by a judgment within that time would, in many cases, render it impossible for the plaintiff to revive, no matter how diligent he might be. Of course there can be no judgment of revivor, which will bind the party revived against,

until he is in court, either voluntarily or by process. By declining to come in voluntarily, or evading service of process, or by being for a period of time without the jurisdiction of the court, a plaintiff would be deprived of his right to revive, though he was diligent and did all he could to perfect his right to revive.

The other construction, which we adopt, only imposes the duty on plaintiff to ascertain the death of the defendant, and move in the court to revive, within 12 months, and to see that his motion to that end is entered of record, as such matters cannot rest in parol. Pope v. Irby, 57 Ala. 105. We do not read any decision of this court construing the statute, as placing a different interpretation upon it. It is true that there are dicta in some of the cases which seem to say that the revivor must be effected within 12 months; but there is no holding to that effect, where a motion to that end was made and placed of record within the 12-month period. In the case of Ex parte Sayre, 69 Ala. 184, 186, the court was careful to guard the decision against a construction which would require the revivor to be perfected or completed within 12 months after the death of the defendant. Judge Stone, writing in that case, said:

"We need not, and do not determine in this case, what would be our ruling, if the motion had been made to revive against the heirs and personal representative, within 18 months after the death of Donaldson, and for some cause that motion was not acted upon within the 18 months. That case is not presented by this record, for no motion has ever been made to revive against the heirs. See Evans v. Welch, 63 Ala. 250; Brown v. Tutwiler, 61 Ala. 372."

In the cases to which Judge Stone refers, we find that the court did apply the 12-month period to the filing of the motion, and not to the rendition of a judgment of revivor. In Brown v. Tutwiler, 61 Ala. 372, the decision is thus stated in the first headnote:

"Under our statutes, revivor in favor of or against the legal representative cannot be made, if moved for after 18 months from the occurrence of the event which renders it necessary; and the same rule applies where revivor is sought in the name of a succeeding administrator, or other successor in the right to sue or be sued, in place of one removed, as where revivor is made necessary by the death of a party."

Judge Stone wrote the majority opinion in that case and, after reviewing the decision of the court in the case of Pope v. Irby, 57 Ala. 105, said:

"The statute, section 2908, makes the same provision for revivor for and against a 'successor or party in interest,' as it does in reference to the legal representative. Having ruled that the revivor in favor of, or against the legal representative, cannot be made, if moved for after 18 months from the occurrence of the event which renders it necessary, we feel bound to make the same ruling as to a succeeding administrator, or other successor in the right to sue or be sued."

In the other case to which Judge Stone refers (Evans v. Welch, 63 Ala. 250) the decision on the point now under consideration is thus stated in the third headnote:

"In whatever form the revivor is sought, it must be made, or a motion to revive must be entered, within 18 months after the death of the party; and, if not made within that time, the action abates as to the interest of the deceased; and the defect cannot be afterwards cured by an amendment of the complaint, bringing in the parties on whom that interest has devolved."

Brickwell, C. J., wrote the opinion in the above case, and he thus states the proposition, and cites the following authorities:

"In whatever right, and by the introduction of whatever parties, it is proposed to cure the abatement, the revivor, or the making a motion to revive, must be made within 18 months after the occurrence of the disability. The statute is mandatory, and the right is barred, if it is not asserted within that period. Pope v. Irby, 57 Ala. 105; Brown v. Tutwiler, 61 Ala. 372."

These cases all show that the statute as to the time of revivor is complied with, if the right to revive is asserted by motion entered of record to that end within the statutory period. In the case of Pope v. Irby, 57 Ala. 105, 107, it is said:

"The statute pursuing this policy intends that the revivor of suits by or against him must not be procrastinated, so that he will be embarrassed by them in closing the administration. It is in the nature of a statute of limitations barring the right, if it is not exercised in the mode and within the prescribed time. The making of the motion within that time must appear of record; it cannot rest in parol."

This in connection with prior and subsequent cases shows that the limitation as to time is satisfied if a motion to revive is made to appear of record within the period. This is made certain by the decision in earlier cases, construing the statute, and before it had been readopted with that construction placed upon it. In the case of Waller v. Nelson, 48 Ala. 531, the revivor or judgment of revivor was not entered until three or four years after the death of the defendant, and it was upheld on the ground that a motion to that end was entered of record within the statutory period. In that case it was said:

"The revival may be in the name of the representative, or his successor, or party in interest, without regard to the length of time after the death of the original party, if the first revival was attempted with the proper dispatch. That is, if the motion was made within the proper time, as to the first representative. Here this was done. Taylor died in September, 1866, and the suggestion of his death and motion for scire facias against Hamner was made on the 19th day of September 'thereafter'; that is, in 1867. This was within 18 months, at least, after the death of Taylor. Hamner died before the revival against him. His death terminated the proceedings against him. The proceeding against Hamner continued the cause in court, and saved it from abatement during his life. Hamner died on the 19th day of June, 1868, and Nelson succeeded him on the 20th day of October following, and the motion to revive the action against Nelson was made on the 1st day of October, 1869. This was within one year and one month and a half after the death of Hamner. According to the above construction of the statute, this was within the proper time. There was, then, no lapse of 18 months between the death of one defendant and the proceeding

to revive against the representative or successor of such defendant. The motion against Nelson should have been allowed. The judgment of the court below was therefore erroneous."

That opinion and decision more than upholds the judgment of revivor in this case. We have later cases holding to the same effect. See E. E. Forbes Piano Co. v. Hay, 75 South. 408,[1] where the cases are reviewed by Justice Gardner, and the case of Holman v. Clark, 11 Ala. App. 238, 65 South. 913, is distinguished. In that case no motion was made to revive; the court merely granted leave to revive, but the representative of the plaintiff never availed himself of the opportunity by coming in and moving the court to revive in his name, until long after the statute had perfected the bar. The only motion made within time, if any was made, was not to revive but to abate. The court declined to then abate, but granted leave to amend, if the proper party should apply within time, which was not done. In that case the plaintiff, and not the defendant, died; and the only remaining party to make the motion was the defendant. Of course he would not move to revive unless he happened to have claims of set-off or recoupment. His interest was to abate, not to revive. When a defendant dies, the interest of the plaintiff is the reverse. He seeks to revive; not to abate, as does the defendant when the plaintiff dies. While the time limit is the same, for revivor by the plaintiff and revivor by the defendant, the difference between the two procedures is that a defendant never moves to revive an action against himself; he moves to abate it on account of the death of the plaintiff; whereas, a plaintiff moves to revive against the personal representative of the deceased defendant. This, of course, distinguishes the case of Holman v. Clark, supra, from the cases we have cited.

It results that the action is revived, or may be revived, against the personal representatives of the deceased defendant, and that the personal representatives are not entitled to have the action against their testator abated.

Mandamus denied. All the Justices concur.