### Ex parte FRICKE. (8 Div. 691.)

(Supreme Court of Alabama. June 18, 1925.)

Abatement and revival ☞74(3)—Statute limiting time for exercising right of revivor held not to require judgment of revivor within period.

Code 1907, § 2499 (Code 1923, § 5715), does not require judgment of revivor to be made within 12 months after death of party, but, in case arising prior to taking effect of final clause of Code 1923, § 5716, was satisfied where death of defendant was suggested within 12 months and process ordered to bring in the personal representative.

Original petition of John W. Fricke, as administrator of the estate of Charles Fricke, deceased, for mandamus to Hon. W. W. Haralson, as Judge of the Ninth Judicial Circuit. Mandamus denied.

John A. Lusk, of Guntersville, for appellant.

When a defendant dies, the suit must be revived by appropriate orders within the period prescribed by the statute, or the cause is abated and cannot be further prosecuted against the personal representative. Pope v. Irby, 57 Ala. 105; Brown v. Tutwiler, 61 Ala. 372; Evans v. Welch, 63 Ala. 250; Ex parte Sayre, 69 Ala. 184; Phœnix Ins. Co. v. Moog, 81 Ala. 335, 1 So. 108. An order, reciting the death of a party, granting leave to revive, is not a revivor, but mere leave to revive. Holman v. Clark, 11 Ala. App. 238, 65 So. 913; Ex parte Meador, 202 Ala. 80, 79 So. 474.

Rayburn, Wright & Rayburn, of Guntersville, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. Morris Fertilizer Company, a corporation, had service of its summons and complaint against Charles Fricke and John W. Fricke, partners doing business under the firm name and style of Charles Fricke & Son,

on March 4, 1922. The minutes of the court show that—

"On this October 10, 1922, the death of the defendant Charles Fricke is suggested, and the court grants leave to plaintiff to revive against John W. Fricke, as the administrator of the estate of said Charles Fricke, deceased, and it is further ordered that notice issue to said John W. Fricke."

April 5, 1923, the cause was continued. October 2, 1923, on motion of plaintiff, it was ordered that citation issue to John W. Fricke, as administrator of the estate of Chas. Fricke, deceased, to appear at the next ensuing term and defend. At the same time, over the objection of John W. Fricke, individually, the complaint was amended by making John W. Fricke, as administrator of the estate of Charles Fricke, deceased, a party defendant, and the cause was continued. April 24, 1924, John W. Fricke, as administrator, interposed his objection to the revivor, and moved the court to strike his name as administrator from the record as a party defendant. This motion was overruled, and now the said administrator applies to this court for its writ of mandamus to compel the judge of the trial court to strike his name as a party defendant. This application serves the purpose of an emergency appeal.

It may be well to note that the decision of the question presented is not affected by that part of section 5716 of the Code of 1923 which provides that an action shall abate by the death of the defendant, "unless the personal representative is brought in and made a party within 12 months after the death of the defendant." Section 11 of the Code of 1923, which Code went into effect August 17, 1924.

Petitioner appears to rely upon the decision of the Court of Appeals in Holman v. Clark, 11 Ala. App. 238, 65 So. 913. But the statute limiting the right of revivor to be exercised within 12 months after the death or other disability of a party (section 2499 of the Code of 1907 [section 5715 of the Code of 1923]) has been construed by the decisions of this court to mean that the judgment of revivor need not be made within 12 months, but the statute is satisfied if the death of the party is suggested within 12 months and, in the case of the death or disability of a party defendant, process ordered to bring in the personal representative. State ex rel. Meador v. Jones, 202 Ala. 80, 79 So. 474; E. E. Forbes Piano Co. v. Hay, 200 Ala. 80, 75 So. 408, where the earlier cases, including Holman v. Clark, supra, are cited and discussed. The discussion need not be renewed. We see no need or occasion for a change of the rule thus established.

Mandamus denied.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes