(111 So. 44)

**J. S. REEVES & CO. v. PINE HILL MERCANTILE CO. et al. (8 Div. 440.)**

(Court of Appeals of Alabama. Oct. 26, 1926. Rehearing Denied Nov. 23, 1926.)

Abatement and revival ⬌75(1)—Statute requires notice to appear and defend to be issued to and served upon, administrator within 12 months of decedent's death as condition of reviving suit as to administrator (Code 1923, § 5716).

Code 1923, § 5716, requires notice to appear and defend to be issued to, and served upon, administrator within 12 months of decedent's death, as condition of reviving suit as to administrator, and mere suggestion of record by plaintiffs of party's death and judgment that cause be revived in name of administratrix of deceased party was insufficient.

Appeal from Circuit Court, Lawrence County; J. E. Horton, Judge.

Action by J. S. Reeves & Co., a partnership, and the individual partners against Pine Hill Mercantile Company, a partnership, and the individual partners and Farris Byars, for whom was attempted to be substituted Mrs. Addie Byars as administratrix of his estate. Motion of Mrs. Addie Byars, administratrix of the estate of Farris Byars, deceased, to abate the cause as to her was granted, and plaintiffs appeal. Affirmed.

---

⬌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Certiorari denied by Supreme Court in Reeves & Co. v. Pine Hill Mercantile Co., 111 So. 45.

Wert & Hutson, of Decatur, for appellants.

It is not required that notice be given the personal representative within 12 months. Code 1923, § 5716.

W. W. Callahan, of Decatur, for appellees.

There must be service upon the personal representative, and proper return made, in order to justify an order of revival. Code 1923, § 5716; 18 Ency. Pl. & Pr. 1146; 19 Ency. Pl. & Pr. 27, 266. There cannot be a final order of revival until the representative is brought in by proper process. Holman v. Clark, 11 Ala. App. 238, 65 So. 913.

RICE, J. This was a suit by appellants against appellees the Pine Hill Mercantile Company, a partnership, and Farris Byars, individually, instituted January 7, 1919. Summons and complaint were duly served on the defendants. Thereafter, and while the suit was pending, in December, 1923, Farris Byars died. Within less than twelve months from the date of the death of Farris Byars, his death was suggested of record by plaintiffs, and it was "ordered and adjudged by the court that said cause be revived in the name of Mrs. Addie Byars, administratrix, and that said cause be continued." Nothing further appeared of record or was done until long after the expiration of twelve months from the death of Farris Byars, when the administratrix, Mrs. Addie Byars, appeared in the cause specially for that purpose, and made a motion that the cause abate as to the said administratrix. From the action of the court in granting this motion this appeal is prosecuted.

The facts seem to be agreed as we have stated them, and the sole question presented is whether or not the suggestion of record of the death of Farris Byars and the order above set out as having been entered by the trial court before the expiration of twelve months from his death operated, without more, to revive the case against his administratrix there named in such sort as to render erroneous the judgment abating said suit as to the said administratrix. We do not think it did. The fact that the provisions of the Code of 1923 apply and govern is not questioned. As stated by counsel for appellants in their brief filed on this appeal, "the only question to be considered is whether or not section 5716 of the Code of 1923 shall be construed as requiring the notice to be issued to, and served upon, the administrator within twelve months" (before the suit is or can be revived as to said administrator, we might add).

We do not see that any discussion of ours could make clearer the plain meaning of the last clause of section 5716, Code 1923, to wit:

"The action shall abate, however, unless the personal representative is brought in and *made a party* within twelve months after the death of the defendant." (Italics ours.)

As pointed out by Mayfield, J., in the opinion in the case of Ex parte Meador, 202 Ala. 80, 79 So. 474:

"There can be no judgment of revivor, which will bind the party revived against, until he is in court, either voluntarily or by process."

And it would seem in this case that, if the last clause of section 5716, Code of 1923, which is new to this Code, means what it says, and we think it does, the action of the trial court was without error.

Judgment affirmed.