53 So.2d 733

## WALKER v. ENGLISH.
### 6 Div. 63.

Supreme Court of Alabama.
June 28, 1951.

Horace C. Alford and Jackson, Rives & Pettus, Birmingham, for appellant.

Thompson, Dumas, O'Neal & Hayes, Birmingham, for appellee.

STAKELY, Justice.

The question for decision presented in this case is whether there has been a compliance with § 154, Title 7, Code of 1940, so as to effect a revival of the cause. On November 27, 1947 this suit for malicious prosecution was commenced in the Circuit Court of Jefferson County, Alabama, by Timothy Walker as plaintiff against Jack E. Ashton as defendant. On December 1, 1947 there was service on the defendant Ashton. On December 23, 1947 Ashton appeared by filing in the cause a demurrer to the plaintiff's complaint. On May 8, 1948 the defendant Ashton died.

On May 20, 1948 J. L. English of Decatur, Alabama, was appointed administrator of the estate of the deceased Ashton by order of the Probate Court of Jefferson County, Alabama.

On March 22, 1949 the death of defendant Ashton was suggested to the court by counsel for the plaintiff by a paper filed in the cause. The paper set forth that Ashton had died on or about May 8, 1948 and that J. L. English of Decatur, Alabama,

had been appointed Ashton's administrator by order of the Probate Court of Jefferson County, Alabama. The paper further moved the court to amend the process by naming J. L. English as such administrator as the party defendant in the case and asked that the plaintiff be permitted to prosecute his suit to judgment as against such successor defendant. On March 21, 1949 a copy of the paper was served on counsel of record for the defendant.

The record shows the following minute entry:

"On this the 22d day of March, 1949 came the plaintiff by his attorney and the death of the defendant Jack E. Ashton is suggested to the court as per separate paper filed and now on motion,

"It Is Ordered And Adjudged by the Court that leave be and the same is hereby granted to revive this cause against J. L. English, Admr. of the Estate of Jack E. Ashton and cause continued."

On May 18, 1949 the amended summons and complaint in the case was issued by the clerk of the circuit court and on May 25, 1949 the amended process was served on J. L. English as such administrator.

On June 24, 1949 J. L. English as administrator of Ashton's estate appeared specially by filing a motion to dismiss the case on the grounds that the action had not been revived within 12 months after Ashton's death as required by law and specifically as required by § 154, Title 7, Code of 1940.

On July 8, 1949 the motion by J. L. English as administrator of Ashton's estate to dismiss the cause was granted, the plaintiff duly and legally reserving exception. On July 29, 1949 the plaintiff moved the court to set aside its order of July 8, 1949 dismissing the cause. The motion was overruled. Hence this appeal.

We set out the statutes which are pertinent to the case as follows:

"§ 153. No action abates by the death or other disability of the plaintiff or defendant, if the cause of action survive or continue; but the same must, on motion, within twelve months thereafter, be revived in the name of or against the legal representative of the deceased, his successor, or party in interest; or the death of such party may be suggested upon the record, and the action proceed in the name of or against the survivor.

"§ 154. If the cause of action survive on the death of a defendant, suggestion thereof must be made of record, and the proper representative may voluntarily come in and make himself a party defendant, but if such representative does not come in and make himself a party, citation must issue to him, on his being made known, to appear within thirty days from the date on which the citation was served on him and defend, and after that time, the suit may be revived against him; but final judgment must not be rendered against a personal representative if he objects until after the expiration of six months from the grant of letters testamentary or of administration. This action shall abate, however, unless the personal representative is brought in and made a party within twelve months after the death of the defendant."

A brief summary of Alabama cases is necessary for an understanding of the case at bar. In the case of Ex parte Meador, 202 Ala. 80, 79 So. 474, it was held that under § 2499 of the Code of 1907, § 153, Title 7, Code of 1940, in case of death of the sole defendant all that need be done within twelve months after death relative to revival is making a motion for revival and entering it of record and that it was not necessary that the judgment of revival be perfected within the 12 month period. This decision points out that to hold that the revival must be perfected by judgment within the 12 month period would in many cases render it impossible for the plaintiff to revive no matter how diligent he might be.

In Ex parte Fricke, 213 Ala. 386, 105 So. 194, 195, on the authority of Ex parte Meador, supra, it was held that § 5715 of the Code of 1923, formerly § 2499 of the Code of 1907, was construed to mean that the judgment of revival need not be made within 12 months but the statute is satisfied if the death of the party is suggested within 12 months and process ordered to bring in the personal representative. The court pointed out, however, that

a portion of § 5716 which was new to the Code of 1923 would not affect decision in the case because the Code of 1923 was not in effect at the time involved in the suit. In this connection the court said: "It may be well to note that the decision of the question presented is not affected by that part of section 5716 of the Code of 1923 which provides that an action shall abate by the death of the defendant, 'unless the personal representative is brought in and made a party within 12 months after the death of the defendant.' Section 11 of the Code of 1923, which Code went into effect August 17, 1924."

For the first time what is now § 154, Title 7, Code of 1940, was considered in the case of J. S. Reeves & Co. v. Pine Hill Mercantile Co., 21 Ala.App. 605, 111 So. 44, 45, certiorari denied 215 Ala. 431, 111 So. 45. The part of § 154, Title 7, Code of 1940, which appears in the Code of Alabama of 1923 for the first time is the last sentence of section 154 which reads as follows: "This action shall abate, however, unless the personal representative is brought in and made a party within twelve months after the death of the defendant."

With reference to § 154 as thus amended, the Court of Appeals said:

" *. * * As stated by counsel for appellants in their brief filed on this appeal, 'the only question to be considered is whether or not section 5716 of the Code of 1923 shall be construed as requiring the notice to be issued to, and served upon, the administrator within twelve months' (before the suit is or can be revived as to said administrator, we might add).

"We do not see that any discussion of ours could make clearer the plain meaning of the last clause of section 5716, Code 1923, to wit:

" 'The action shall abate, however, unless the personal representative is brought in and *made a party* within twelve months after the death of the defendant.' (Italics ours.)

    *     *     *     *     *     *

" 'There can be no judgment of revivor, which will bind the party revived against, until he is in court, either voluntarily or by process.'

"And it would seem in this case that, if the last clause of section 5716, Code of 1923, which is new to this Code, means what it says, and we think it does, the action of the trial court was without error."

It is obvious that in the case at bar the administrator English was not brought in and made a party within 12 months after the death of the defendant Ashton. In keeping with this last cited case the court acted correctly in granting the motion to dismiss the case on the ground that the action had not been revived within 12 months after Ashton's death. This appears to be in accordance with the express requirement of § 154, Title 7, Code of 1940, as it is now written. To determine the rights of the parties, §§ 153 and 154, Title 7, Code of 1940, being in pari materia should be construed together. State ex rel. Wilder v. Smith, 12 Ala.App. 636, 68 So. 490, certiorari denied 193 Ala. 681, 69 So. 1020.

Section 154 appears to state in greater detail the procedure to be followed where revivor is sought on the death of a defendant pending the suit. State ex rel. Wilder v. Smith, supra. For example, it shows that the manner of obtaining jurisdiction of the personal representative is to cite him to appear. Waddill, Ex'r. v. John, Guardian, 48 Ala. 232. Ex parte Meador, supra, makes no reference to what is now § 154 but there was no provision at that time in either § 153 or § 154 showing the time within which the personal representative must be brought in. When, however, there was a time limit put in § 154 by the addition of the last sentence which now appears therein, the time limit so put in § 154 should be equally applicable to both statutes, since the statutes must be construed together and § 154 is but a procedural statute which states in greater detail the method of accomplishing the purposes of § 153 where revivor is sought on the death of a defendant pending suit. See 1 C.J.S., Abatement and Revival, § 180, page 232—footnote.

It is insisted that by reason of § 53, Title 7, Code of 1940, the 12 days intervening between Ashton's death on May 8th and the appointment of J. L. English on May 20th must not be considered. We set out § 53 as follows: "The time between the death of a person and the grant of letters testamentary or of administration, not exceeding six months, is not to be taken as any part of the time limited for the commencement of actions by or against his executors or administrators."

It is claimed that § 53 not only saves the plaintiff's cause of action from any bar which might otherwise be imposed by the revivor statute, but it serves further to distinguish this case from the decision in J. S. Reeves & Co. v. Pine Hill Mercantile Co., supra. It is sufficient to say however that we are not here dealing with the commencement of an action by or against the executor or administrator of a deceased person. The action here was commenced by the plaintiff before the death of Ashton and was pending in the circuit court at the time of Ashton's death. Section 53, Title 7, Code of 1940 is not applicable.

If it appears that the construction here given to the statute will amount in some instances to frustration of justice, this is a matter for the legislature and not for this court.

Affirmed.

All the Justices concur.